William Berry HAYNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44217.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 16, 1972.

**740**

Stayton, Maloney, Black, Hearne & Babb, by Kent M. Rider, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Phoebe Lester, Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. Punishment was assessed by the court at two years, and probation was granted.

On March 12, 1970, officers of the Austin Police Department executed a search warrant on one apartment in a multi-unit apartment house in that city. Upon entering the apartment, the officers observed appellant and three other persons sitting around a card table playing cards. The search revealed two "baggies" of marihuana and a letter addressed to appellant at the apartment contained in a cardboard box. The box in question was located under a table approximately four feet behind the place where appellant was seated.

By his first ground of error, appellant attacks the validity of the search warrant, contending the place to be searched is not described with the particularity required by the Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution, Vernon's Ann.St.

The description is as follows:

"a two story, white frame, asbestos siding house, located at 604 W. 28th Street, Austin, Travis County, Texas. The room to be searched is reached by going in the left front screen door, then by going in the first door on the right and also to be searched are all outbuildings and motor vehicles appurtenant thereto."

The test for determining the sufficiency of a search warrant's description of the place to be searched is whether that description is sufficient to apprise the police of where they are to conduct the search. McCormick v. State, 169 Tex.Cr. R. 53, 331 S.W.2d 307; Martinez v. State, 162 Tex.Cr.R. 356, 285 S.W.2d 221; Rhodes v. State, 134 Tex.Cr.R. 553, 116 S.W.2d 395. Where the warrant describes a multi-

unit dwelling, the description therein must contain sufficient guidelines to apprise the officers executing that warrant of the particular unit to be searched. Aguirre v. State, 109 Tex.Cr.R. 584, 7 S.W.2d 76. Where the warrant contains accurate directions as to how to locate the place to be searched and a showing is made that the place searched is the place described, specificity is met in the warrant. McCormick v. State, supra; Childress v. State, 163 Tex.Cr.R. 467, 294 S.W.2d 110; Harrison v. State, 149 Tex.Cr.R. 513, 196 S.W.2d 933; Rhodes v. State, supra.

We find that the directions to the officers were sufficient to guide them to the place to be searched and that the apartment searched was shown at the trial to be the one described.

Next, the contention is that "the trial court erred in receiving evidence of a letter seized in the apartment." The letter in question was not introduced. The arresting officer testified that he found the envelope, which was addressed to appellant, in the same cardboard box in which the marihuana was found. Appellant contends: (1) that the seizure of the envelope was in violation of the Fourth Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution; (2) that the parol recitation by the arresting officer was hearsay; and (3) that the parol recitation by the arresting officer of the information existing on the envelope was contrary to the best evidence rule.

The problem of determining the validity of the seizure of private papers is not a new one. See, Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Entick v. Carrington, 19 How.St.Tr. 1029 (1765); Wilkes v. Wood, 19 How.St.Tr. 1153 (1763).[1] In order to determine the question presented for our review in the instant case, several considerations merit restatement.

The basic purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasion by government officials. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) (Stewart, Brennan, and White, JJ., concurring); Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). The requirement that a search warrant be specific prohibits general searches and prevents the vesting of complete discretion in the officer who executes that warrant. Berger v. New York, supra; Stanford v. Texas, supra; Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). Since the right of privacy is the basis of the Fourth Amendment guarantee, no distinction should be made between the seizure of contraband and of "mere evidence". Warden, Maryland Penitentiary v. Hayden, supra.

The seizure or compulsory production of a man's private papers, the contents of which are to be used in evidence against him, compels him to be a witness against himself in violation of the Fifth Amendment and constitutes an illegal search and seizure under the Fourth Amendment. Marron v. United States, supra; Boyd v. United States, supra. In making a determination on this issue, a decision must be made as to whether: (1) the papers are themselves instrumentalities of the criminal offense; Marron v. United States, supra; United States v. Poller, 43 F.2d 911 (2d Cir. 1930); and (2) whether the evidence seized is testimonial or communicative in nature, Warden, Maryland Penitentiary v. Hayden, supra; Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

---

1. The holdings of the English Court of Common Pleas in Entick and Wilkes formed the basis of the Fourth Amendment. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed. 1040; Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

Government officials cannot, even under a valid search warrant for contraband, conduct a general exploratory search through papers for evidence of the crime. Warden, Maryland Penitentiary v. Hayden, supra; Stanford v. Texas, supra; Marron v. United States, supra; Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968). The scope of a search is limited to the circumstances which made its initiation permissible. Von Cleef v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed.2d 728 (1969); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968).

In the instant case, the envelope seized was found in the same cardboard carton which contained the marihuana. The testimony relating to the envelope was admitted solely to show that an envelope addressed to appellant at the address searched existed and was found with the contraband. The contents were not admitted into evidence. Under such circumstances, we do not find any violation of appellant's right under the United States Constitution. Warden, Maryland Penitentiary v. Hayden, supra.

Further, we perceive no violation of Article I, Section 9, of the Texas Constitution. While the "mere evidence" rule was followed by this court for a time,[2] recent cases have followed the reasoning of the United States Supreme Court in Warden, Maryland Penitentiary v. Hayden, supra, e. g., Brown v. State, 475 S.W.2d 938; Satery v. State, Tex.Cr.App., 455 S.W.2d 294; Slaton v. State, Tex.Cr.App., 418 S. W.2d 508.

Appellant's contentions that the parol recitation by the arresting officer concerning his finding the envelope addressed to appellant violated the hearsay and best evidence rules are without merit. The testimony related only to the fact that such an envelope was found, not to the truth of the matter stated therein. Under such circumstances we find no violation of the hearsay or best evidence rules. King v. State, 169 Tex.Cr.R. 34, 335 S.W.2d 378.

Finally, appellant contends that the evidence is insufficient to support the verdict. He relies on the decisions of this court in Culmore v. State, Tex.Cr.App., 447 S.W.2d 915; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56; and in Brock v. State, 162 Tex.Cr.R. 339, 285 S. W.2d 745. Such reliance is misplaced. Those cases require only that an affirmative link be shown between the person accused of possession and the narcotic drug. In the case at bar, such a link was furnished by the envelope found with the marihuana when other circumstances were taken into account. We conclude that the evidence is sufficient to support the judgment.

There being no reversible error, the judgment is affirmed.

---

**2.** See LaRue v. State, 149 Tex.Cr.App. 598, 197 S.W.2d 570; Cagle v. State, 147 Tex.Cr.R. 354, 180 S.W.2d 928.