**Pamela Martella REID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44381.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Charles W. Tessmer, Dallas (On Appeal Only), Ronald L. Goranson, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The offense is possession of marihuana; the punishment, five years imprisonment.

Appellant's first ground of error complains that the evidence is insufficient to sustain the conviction.

This case was submitted to the jury as one based upon circumstantial evidence and on the theory that the appellant was a principal.

Apartment 101 at 716 North Franklin Street in Oak Cliff, rented by Danny Woodall and his wife, was placed under surveillance for approximately an hour and a half on October 22, 1969, by Officer B. T. Zapata of the Dallas Police Force, as a result of a conversation he had had with an informant earlier that day. Based on the information he had received, and Officer Zapata's observations of "a lot of traffic coming to and from this apartment" a · search warrant was obtained. Zapata and Officers Fowler and Landers returned to the apartment to execute the warrant. They knocked on the door; there being no response, the officers opened the apartment with the key they had obtained from the apartment manager. Upon entering they found Jack Kinkle and Elaine Woodall in the living room; Danny James Woodall and Victor Vining were in the bedroom. Appellant was not present.

A search of the bedroom closet revealed a brown paper sack in which there were eighteen separately wrapped "baggies" that contained a green vegetable substance which was proved to be marihuana. In a

dresser drawer in the bedroom was found a red · purse which contained two books of cigarette papers, a catheter tube, cotton, needles, a "nurse's aide" nameplate of Elaine Cumberland (Woodall), a plastic "baggie" containing stocks of marihuana, three syringes, needles and a cigarette roller.

The officers also discovered a brown wooden cigar box on a shelf in the dressing room closet. It contained, among other things, seeds and particles of marihuana, a pipe, cigarette papers and a Texas operator's license issued in the name of Pamela Martella.

The officers' testimony revealed that the appellant arrived at the apartment "roughly fifteen or twenty minutes" after they had begun the search and after the discovery of the marihuana.

It is the State's position that the evidence before us "presents a somewhat stronger circumstantial evidence case than Culmore v. State, 447 S.W.2d 915 (Tex.Crim.App. 1969)." We cannot agree. Reliance is had upon the fact that appellant's "driver's" license was found in one of the boxes containing marihuana that was discovered before she arrived; that appellant did visit the apartment late on the night in question; and that the appellant had needlemarks on her arm, which were "recent", showing her to be a user of injectible narcotics.

The record reveals that Officer Zapata testified that the number of needlemarks was "possibly one or two" and that by "recent" it was meant that the needlemark(s) had been made "within one week". The existence of "possibly one or two" needlemarks made "within one week" is of no probative value in establishing appellant's possession of marihuana. Contrary to the State's argument this does not prove that appellant was a user of injectible narcotics and even if this were true it does not prove possession of the marihuana in question.

The State in its brief recognizes that "the mere presence of the accused at the scene of a crime does not, of itself, justify drawing an inference that he participated therein." Glenn v. United States, 271 F.2d 880 (6th Cir. 1959) ; see also Culmore v. State, *supra*, 447 S.W.2d at 917, and cases cited therein. In *Culmore* this court said:

> "A conviction on circumstantial evidence cannot be sustained on proof amounting only to a strong suspicion or mere probability." 447 S.W.2d at 917.

Officer Zapata testified that he did not recognize the appellant as one who had been seen at the Woodall apartment when he conducted his surveillance. There is no evidence that appellant had ever been to this apartment before, and there is nothing in the record to indicate she was under the influence of drugs at the time of her arrest. None of the officers detected the odor of marihuana or burning marihuana in the apartment. No marihuana was found "laying around open in the apartment."

Neither the "driver's" license referred to in the testimony nor a copy of the same is contained in the record. We do not know whether the address shown on the license was that of the place searched and where the marihuana was found. We do not know whether the license was valid or had expired.

The facts of this case are distinguishable from those in Haynes v. State, 475 S.W.2d 739 (Tex.Crim.App.). There, a letter addressed to the defendant at the place searched was found in a box also containing marihuana. The box was located within four feet of the defendant where he was playing cards at the time he was arrested by the officers executing the search warrant.

We cannot hold that the appearance of appellant's "driver's" license in the wooden cigar box that also contained marihuana in the apartment rented by two other persons is conclusive of appellant's guilt. "Such proof does not exclude every other reasonable hypothesis except that of the guilt of the accused." Brock v. State, 162 Tex.Cr.

R. 339, 285 S.W.2d 745 (Tex.Crim.App. 1956), and see Culmore v. State, *supra*, 447 S.W.2d at 917.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion Approved by the Court.