**Jack Vineyard KINKLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44464.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Charles W. Tessmer, Dallas (on appeal only), Ronald L. Goranson, Dallas (on appeal only), for appellant.

Henry Wade, John B. Tolle and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The offense is possession of marihuana; the punishment, eight years imprisonment.

This is a companion case of that of Pamela Martella Reid, 474 S.W.2d 702 (No. 44,381, Tex.Cr.App. 1–11–72). Both Kinkle and Reid, as well as Danny James Woodall and Victor Vining were tried jointly before the same jury.

The first ground of error here is also that the evidence is insufficient to support the conviction.

The facts already stated in the Reid opinion will not be restated here, but those facts

should be considered along with the additional facts relevant to this appellant's case.

Here again, it is the State's position that the evidence "presents a somewhat stronger circumstantial case than Culmore v. State, 447 S.W.2d 915 (Tex.Crim.App. 1969)." The State argues that the evidence here shows that this appellant was in the apartment from nine to ten hours before the marihuana was discovered by the searching officers; that the appellant was present at the time of the search; that appellant bore needlemarks on his arm and was under the influence of narcotics when the officers arrived to execute the search warrant.

The apartment was rented to Danny James Woodall and Elaine Woodall. Appellant Kinkle was not shown to be residing at the apartment, cf. Schutz v. State, 448 S.W.2d 486 (Tex.Cr.App. 1970); Slaton v. State, 418 S.W.2d 508 (Tex.Cr.App. 1967), nor was he shown to have had any other connection with it apart from his being there as a visitor. See Culmore v. State, supra; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56 (Tex.Cr.App. 1960).

■ The marihuana was concealed in the closets in the bedroom, was not open and obvious, and was located, at least in part, with the aid of directions given from codefendant Danny Woodall.[1] No marihuana was discovered on appellant's person, cf. Alaniz v. State, 458 S.W.2d 813 (Tex.Cr. App. 1970), or in the room in which he was found, see Culmore v. State supra; cf. Haynes v. State, 475 S.W.2d 739 (Tex.Cr. App. 12–14–71). Appellant made no furtive gestures, Culmore v. State, supra; cf. Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610 (Tex.Cr.App. 1960). No marihuana odor was detected by any of the officers. Of the three arresting officers, one testi-

fied that the appellant appeared to be under the influence of drugs; another testified he appeared to be normal.[2] As we said in Reid, the needlemarks on appellant's arm are of negligible, if any, probative value in establishing appellant's possession of the marihuana found hidden in the bedroom.

The rule to be followed in such a case as this has been stated as follows:

"A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused; and proof amounting only to a strong suspicion or mere probability is insufficient." Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745 (Tex.Cr.App. 1956); Culmore v. State, supra.

■ The mere presence of the accused at the scene of a crime does not of itself, justify drawing an inference that he participated therein. Reid v. State, 474 S.W. 2d 702 (No. 44,381, Tex.Cr.App. 1–11–72), and Glenn v. United States, 271 F.2d 880 (6th Cir. 1959).

■ We are unable to find that there is sufficient evidence to show that the appellant had the actual care, management, and control, Garza v. State, 468 S.W.2d 440 (Tex.Cr.App. 1971); Massiate v. State, 365 S.W.2d 802 (Tex.Cr.App. 1963), of the marihuana for which he was tried either as a joint possessor, cf. Alaniz v. State, supra, or as a principal with others in the apartment, cf. Haynes v. State, supra.

It appears that the State may well have offered all of the proof the circumstances of this case permitted. Even so, the evidence establishes only a strong suspicion

---

1. Marihuana was found in three separate places in the bedroom and in the adjoining closets. At the time Danny Woodall was asked by Officer Zapata as to its whereabouts it is not clear whether the other officers had already located the other containers of marihuana or not. For additional facts see Reid v. State,

474 S.W.2d 702 (No. 44,381, Tex.Cr.App. 1–11–72).

2. While the officers testified they were familiar with tests to determine whether an individual is under the influence of drugs, none was administered.

that appellant may in fact have been guilty of the offense with which he is charged. This court must rely upon the record and in so doing we are constrained to hold that the evidence therein contained is not sufficient to sustain the conviction of this appellant.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.