Louis Clyde **HAUSMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45004.

Court of Criminal Appeals of Texas.

June 7, 1972.

---

1. The record reveals that the jury was polled and no objection was made at that time as to the method used.

Stayton, Maloney, Black, Hearne & Babb, by Frank Maloney, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. After the jury returned a verdict of guilty, punishment was assessed by the court at three years.

At the outset, appellant contends that the evidence is insufficient to support the conviction.

Information was received by Officer Phillips, of the Austin Police Department, from an unnamed informant that James Keck, Homer Atwood and Billie Jean Jones were selling and using marihuana at their residence at 418 West Alpine, Austin. Thereafter, on the same evening at about 10 P.M., a search warrant was obtained for said address. A number of officers went to the scene about 10:30 P.M., and conducted a surveillance until about 12:05 A.M., when the warrant was executed. In addition to the house, a campfire some forty feet west of the dwelling was kept under surveillance. Two persons, Keck (named in search warrant) and Cusak

were apprehended by officers as they left the campfire. Officers Imbert and Phillips were the first to arrive at the campfire where they found appellant on a sleeping bag. One of the officers testified that appellant appeared to be asleep and the other officer stated that appellant appeared to be in a tranquil state. One foot from appellant's head, the officers found a brown paper bag with the top rolled up containing marihuana. Seven people (including appellant) were positioned around the campfire.

▆▆▆ Possession means more than being where the action is; it involves the exercise of dominion and control over the thing actually possessed. Shortnacy v. State, Tex.Cr.App., 474 S.W.2d 713, and cases cited therein. The court, in the instant case, instructed the jury in its charge, "By the term 'possession,' as used herein is meant the actual care, custody, control or management of the item in question." See Article 725b, Vernon's Ann.P.C. While possession, in a narcotic case, need not be exclusive, Evans v. State, Tex.Cr.App., 456 S.W.2d 911; Gomez v. State, Tex.Cr.App., 365 S.W.2d 165, and facts and circumstances may be sufficient to show an accused and others acted together in possessing a narcotic drug, Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610, there must be some affirmative link existing between the person accused and the narcotic drug. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739; Spriggins v. State, Tex.Cr.App., 372 S.W.2d 676; Orosco v. State, 164 Tex.Cr.R. 257, 298 S.W.2d 134.

▆▆▆ Presence at the scene of the crime alone being insufficient to show possession of the marihuana, Shortnacy v. State, supra; Reid v. State, Tex.Cr.App., 474 S.W.

2d 702, we must determine if there is other evidence which links appellant to the narcotics. Officer Phillips testified that appellant was not under the influence of anything at the time of his arrest. No marihuana was found on appellant's person. No marihuana odor was detected. No furtive gestures were made by appellant. See Kinkle v. State, Tex.Cr.App., 474 S.W.2d 704; Culmore v. State, Tex.Cr.App., 447 S.W.2d 915. Officer Phillips further testified that no marihuana cigarettes, "roaches,"[1] or "roach clips"[2] were found in the campfire area.

Reviewing the evidence most favorable to the State, we find the following which tends to implicate appellant. Officer Imbert testified that during the surveillance he observed, through binoculars, persons around the campfire passing a cigarette around and cupping their hands. Witness Imbert further testified that while he could not identify what they were smoking as marihuana, the manner in which they were smoking the cigarette led him to believe it was marihuana. The bag of marihuana was found one foot from appellant's head.

The observation of the officer relative to the smoking of the cigarette is of little, if any, probative value in connecting appellant with the narcotics. The officer was unable to identify appellant as having been present at the time of this observation. There was testimony of much activity around the campfire and no one was able to testify if appellant had been there throughout the evening or when he arrived.

Does the close proximity of appellant to the bag of marihuana bring this case within an exception to the rule that mere presence at the scene of the crime does not of itself justify drawing an inference that he participated therein? Reid v. State, supra; Kinkle v. State, supra; Shortnacy v.

---

1. The record reflects that a "roach" is a marihuana cigarette that has been smoked having the appearance of a cigarette butt, only shorter.

2. It appears from the record that a "roach clip" is something used to hold a "roach" such as an eyebrow tweezer.

State, supra. We think not under the circumstances of this case. The record reflects that others at the campfire were within six feet of the bag of marihuana. No one was able to position Keck and Cusak with relation to the bag before they were arrested. The officers testified that they did not see appellant reach for or touch the bag of marihuana. While there is some conflict in the testimony, one officer testified that appellant appeared to be asleep. Unlike the cases where the accused is the owner of the car or dwelling where the narcotic is discovered, appellant did not have dominion and control of the place where the marihuana was found.

We are unable to find that there is sufficient evidence to show that the appellant had actual care, management, and control, Garza v. State, Tex.Cr.App., 468 S.W.2d 440; Massiate v. State, Tex.Cr.App., 365 S.W.2d 802, of the marihuana for which he was tried, either as possessor of same or as a co-principal with others at the campfire.

The State relies on McGaskey v. State, Tex.Cr.App., 451 S.W.2d 486, where this Court said, "Whether the marihuana found in the tobacco can in the glove compartment of the automobile was in the possession of the appellant was a question of fact to be determined by the jury from the evidence." In McGaskey, the defendant was alone sitting under the steering wheel of the automobile in which the can containing marihuana was found. The State argues, in light of McGaskey, "for this court to reverse that finding by the jury (in the instant case) is to substitute the court's opinion for that of the jury." Such argument presumes the facts in this case and the McGaskey case to be the same. The difference in the facts in the two cases is readily apparent.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.