Herman Eugene **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46275.

Court of Criminal Appeals of Texas.

July 17, 1973.

Rehearing Denied Sept. 19, 1973.

Delmar L. Cain, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: heroin. Punishment was assessed at twelve years.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction.

The record reflects that a search warrant was issued for the search of a trailer at 1307 Walnut Street in Austin. Utilities for the trailer were registered in the name of the appellant. The officers that obtained the search warrant had information that the appellant, Carolyn Morris, Robert "Bilbo", and other unknown persons were staying at the trailer.

On September 22, 1971, at approximately 1:00 A.M. seven members of the Austin Police Department went to the trailer to execute the search warrant. Upon entering the trailer, Carolyn Morris, Rose James, and Robert Owens were observed in a living room area. The appellant was in the kitchen area and the officers observed "needle marks" of an undetermined age on his left arm.

A search of the trailer was conducted and two packages of heroin were found in

the east bedroom, lying on top of the dressing table. A hand wrapped cigarette butt, containing what appeared to be marihuana, was found in a trash can in the same east bedroom.

The appellant, Robert Owens, Carolyn Morris, Rose James and Jimmy James White were arrested and charged with possession of heroin.

The conviction will be reversed. At most the evidence shows that: (1) even though the appellant was in the trailer house at the time the search warrant was executed, he was not found to be in personal possession of narcotics; (2) since four other persons were present on the scene, and the evidence shows "were also staying there," when the search warrant was executed, appellant was not shown to be in exclusive possession; (3) since the narcotics in question were found on the dressing table in one bedroom, and appellant was in the kitchen of the trailer, sufficient "close proximity" is not shown; (4) even though "needle marks" were on appellant's arm, the witnesses testified that they could not determine whether they were recent; (5) even though the evidence shows that the utility bills for the trailer were in appellant's name, no other evidence, other than the fact of appellant's presence, was introduced to show he occupied the premises. See and compare Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Harvey v. State, Tex.Cr.App., 487 S.W.2d 75; Hausman v. State, Tex.Cr.App., 480 S.W.2d 721; Payne v. State, Tex.Cr.App., 480 S.W.2d 732; Carr v. State, Tex.Cr.App., 480 S.W.2d 678; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Haynes v. State, Tex.Cr.App., 475 S.W.2d 739.

In Collini v. State, supra, at page 136, of 487 S.W.2d this court held, in a unanimous opinion:

"In the case at bar there is conflicting evidence as to the place of residence of the appellant. . . . an inference can still be drawn from the evidence that he had possession and control of the premises where the heroin was found, i. e., 247 Venice. This possession and control of the premises is, however, not exclusive. Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the narcotic and had control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the narcotic. Harvey v. State, supra [Tex.Cr.App., 487 S.W.2d 75]; Adair v. State, supra [Tex.Cr.App., 482 S.W.2d 247]; Payne v. State, supra; Hausman v. State, supra. See Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968), and cases there cited."

The judgment is reversed and the cause remanded.

ROBERTS, Judge (concurring).

Though I agree with the result reached in this cause, I feel compelled to state why, in light of the questions raised by the two dissents.

Judge Morrison states that the fact that the utilities were registered in appellant's name distinguishes this case from Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App. 1969), and he dissents for that reason. Consider the facts in Culmore, compared to the present cause:

The defendant and four other people were found in the den of a residence and marihuana and a pipe were found in a bedroom. There was testimony that there was a strong odor of marihuana in the bedroom *and* in the den. Further, a packet of cigarette papers was found *in the accused's pocket,* and the accused testified that he had never rolled his own cigarettes, but smoked only ready rolled cigarettes. He testified he had never seen these cigarette papers allegedly taken from his person.

I find it inconceivable and inconsistent to reverse the Culmore case, an even stronger fact situation, and affirm the present case. The facts in this cause have been set out twice already, but I would add:

the trailer house in question had *two* bedrooms; there were "other persons" staying there, but it was never shown how many; and appellant was never shown to be occupying this "back" bedroom in which the narcotics were found.

To hold appellant culpable because the utilities were in his name, and he had "what appeared to be needle marks" on one arm, of completely undetermined age, would be contrary to the prior position taken by this Court. I quote from Collini v. State, cited by the majority:

"The evidence presented by the State must affirmatively link the person accused of possession to the narcotic which he is alleged to have possessed. . . . This affirmative link is established by showing additional independent facts and circumstances which may indicate the accused's knowledge of the narcotic as well as his control over such." (Citations omitted)

Such independent facts and circumstances are lacking in this present cause. There was no testimony that appellant made any attempt to escape; there was no testimony that he made any motion or furtive movement or gesture toward the room where the heroin was found; there is no evidence of any incriminating res gestae statements made by this accused.

As for Judge Douglas' dissent, his concern seems to be that we are laying down an entirely new rule in possession cases. I disagree. Certainly, each case will have to continue to be examined on its individual merits. Our holding today represents no sweeping change, and should not be a cause for alarm among prosecutors. To answer Judge Douglas' rhetorical question as to what this holding amounts to, one might conversely ask, "Would an affirmance amount to a holding that a person will be found in possession of narcotics when the drugs are found in a residence where he has registered the utilities, but the narcotics are not on his person, not in proximity to him or in the same room, and

when four other persons are present and an unknown number of other persons stay at that residence?" The question should answer itself.

I refer again to the Culmore case, in which Judge Douglas concurred in finding the evidence insufficient:

"A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused; and proof amounting only to a strong suspicion or mere probability is insufficient."

Culmore v. State, supra, at page 916.

I agree that the evidence is insufficient here to convict the appellant. My only regret is that it took four written opinions to arrive at what should have been an easily obtainable result.

MORRISON, Judge (dissenting).

I conclude that the fact that the utilities were registered in appellant's name distinguishes this case from Culmore v. State, Tex.Cr.App., 447 S.W.2d 915, and other cases holding that mere presence is insufficient to support a conviction for possession of narcotics.

For this reason, I dissent to the reversal of this conviction.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction on the ground that the evidence is insufficient to support the conviction.

Officers armed with a search warrant on September 22, 1971, went to a trailer house located at 1307 Walnut Street in Austin. The appellant was in the kitchen area and the officers heard running water when they entered. Utilities for the trailer were registered in the name of the appellant and had been so registered since the 16th of September, 1971. During the search, officers found two containers of heroin on a

dressing table and a "roach" or "butt" of what appeared to be a marihuana cigarette in a trash can in a bedroom. All of the five people found in the house were charged with the possession of heroin.

The majority reverses because the appellant was not found to have been in personal possession of the narcotics, appellant was not shown to have been in exclusive possession and the heroin was found on the dressing table in one bedroom of a trailer house and the kitchen was not shown to be in close proximity to the bedroom, and the needle marks on the appellant's arms were not shown to be recent.

The record shows that Herman Williams made a deposit for the utilities at the trailer house some six days before the search and arrest and that he was in the trailer house at the time of search with needle marks that appeared to be like those of heroin addicts.

We should consider the evidence in the light most favorable to the court's findings.

Collini v. State, Tex.Cr.App., 487 S.W.2d 132, is not in point on the sufficiency of the evidence. That conviction was reversed because the evidence did not connect the defendant with heroin found outside the house where he had a room. There the rule was correctly stated that it was not necessary to prove that the accused had exclusive possession or control over the contraband and that absent some direct testimony the proof must be made by circumstantial evidence, and that the various facts and circumstances surrounding a search and arrest may show that the accused and other persons acted together in the possession of heroin.

Does the reversal by the majority amount to a holding that, where one is in possession of a trailer house or an apart-

ment and contraband is found therein and other people are present, no one may be found to be responsible for its possession?

In the present case, there appears to be no other evidence linking the others with the possession of heroin except their presence.[1] The possession of the premises and appellant's presence at the time of the search considered with the needle marks or tracks on his arm should be sufficient to support the conviction. Under the circumstances of this and similar cases the matter should be a fact question for the jury.

This conviction should be affirmed.

---

1. One officer testified: "My source of information was that these other people were also staying there." This apparently has as much probative force as the testimony adduced on cross-examination of the officer by appellant's counsel that his informant had seen Herman Williams sell heroin in the trailer house with the other people present.