Thomas J. HIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48884.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

John A. Yeager, Austin, for appellant.

Robert O. Smith, Dist. Atty. and Charles Craig, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is from a conviction for the offense of unlawful possession of a dangerous drug, to-wit: lysergic acid diethylamide. Punishment was assessed at five years, probated.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction.

The record reflects that a search warrant was issued for the search of a dwelling at 4400 Caswell Avenue in Austin. On April 15, 1973, at approximately 3:15 a. m., several officers of the Austin Police Department executed the aforementioned search warrant. The officers found ten persons in the house when the warrant was executed. It appears from the record that the house in question was a large two-story structure consisting of a living room, a dining room, a kitchen, and two bedrooms downstairs; a basement; five rooms including a hallway upstairs. Of the ten persons found at the house, five were situated downstairs, four upstairs, and one in a camper vehicle parked outside. Appellant was found upstairs in an area identified as a hallway. There was a bed located there which might indicate he used this as a bedroom. There is no evidence in the record which indicates appellant was sleeping at the time of the search. Ronald Hext, one of the other persons arrested, was asleep in the living room area downstairs by the front door.

It is reflected in the record that marihuana was discovered in two places. A small amount was found hidden in a vase on a buffet in the dining room area downstairs. Also, a "baggie," containing approximately one ounce of marihuana, was discovered in a bedroom upstairs occupied by two other persons. The contraband in question, lysergic acid diethylamide (LSD),

was found in a "Coricidin" bottle inside the refrigerator in the kitchen which was located downstairs at the rear of the house. Two letters addressed to the appellant at 4400 Caswell were found on the buffet in the dining room. The letters were postmarked some five and a half months before the search. Also, the record indicates other personal papers belonging to other persons were seized.

Appellant was indicted for unlawful possession of both marihuana and LSD. Ronald Hext, who had been indicted for possession of marihuana also, and appellant were tried jointly before the court sitting without a jury. On the offense of possession of marihuana, Hext was acquitted; however, appellant was found guilty of possession of lysergic acid diethylamide.

■ In order to sustain a conviction, the State must prove: (1) that the accused exercised actual care, control and management over the narcotic or dangerous drug, and (2) that he knew that the object he possessed was contraband. Floyd v. State, 494 S.W.2d 828 (Tex.Cr.App.1973); Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App. 1972); Ramos v. State, 478 S.W.2d 102 (Tex.Cr.App.1972). This burden of proof is not satisfied by proof of mere presence at a place where narcotics are being used or possessed by others. Simpson v. State, supra. Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the narcotic and control over it unless there are additional independent facts and circumstances which link the accused to the narcotic. Smith v. State, 511 S.W.2d 296 (Tex.Cr.App.1974); Wright v. State, 500 S.W.2d 170 (Tex.Cr.App.1973); Harvey v. State, 487 S.W.2d 75 (Tex.Cr.App.1972); Hausman v. State, 480 S.W.2d 721 (Tex. Cr.App.1972); Collini v. State, 487 S.W.2d 132 (Tex.Cr.App.1972).

The issue remaining then is whether the State established such independent facts and circumstances to affirmatively link appellant to the LSD. At most, the evidence shows that: (1) the appellant was in the house at the time of the search but was not found to be in personal possession of narcotics; (2) since nine other persons were shown to be staying there, appellant was not in exclusive possession of the premises; (3) since the dangerous drug in question was discovered downstairs in the kitchen at the rear of the house and appellant was situated upstairs in a hallway, there is no showing that appellant was in close proximity to the dangerous drug; (4) although letters addressed to appellant were found in the house, they were not recent and no other evidence was introduced to show he occupied the premises. See Williams v. State, 498 S.W.2d 340 (Tex. Cr.App.1973).

■ Such independent facts and circumstances are lacking in the instant case. There was no testimony to link appellant to the dangerous drug other than his being in the house along with nine other people, the LSD being in a place subject to common access, and two old letters. In Haynes v. State, 475 S.W.2d 739 (Tex.Cr. App.1971), personal letters provided the affirmative link when found in the same cardboard box as the marihuana. This is clearly distinguishable from the case at bar where the letters were found on a buffet in the dining room and the bottle containing LSD in the refrigerator in the kitchen. In Williams v. State, supra, utilities registered in appellant's name, standing alone, were insufficient to establish the necessary link. Also, in Wright v. State, supra, a lease in the name of the appellant, who had leased the apartment the day before, was not conclusive to indicate knowledge and control of the contraband. The evidence in the case at bar is even more inconclusive than that in the aforementioned cases, especially since the police took numerous other papers in different names from the residence. The fact the LSD was located in a refrigerator easily accessible to all occupants of the house is not sufficient to conclude appellant had control and dominion over the contents of the

"Coricidin" bottle. See Smith v. State, supra; Ramos v. State, supra; Collini v. State, supra, and Hausman v. State, supra.

The State's reliance on Hineline v. State, 502 S.W.2d 703 (Tex.Cr.App.1973) is misplaced. In that case, there was a wealth of circumstantial evidence to indicate that Hineline controlled the premises. Although ten persons were found in the house, a homestead affidavit belonging to the defendant was found on the same dresser where the contraband was seized. Photographs of defendant were also discovered on the same dresser. Additional contraband was also found in a box addressed to Hineline located in the garage where his car and motorcycle were parked. The utilities were registered in his name. Police also found a warranty deed and deed of trust to the house in defendant's name. Clearly, these are sufficient circumstances to link Hineline to the contraband. Reliance is also made on the recent case of Barnes v. State, 504 S.W.2d 450 (Tex.Cr.App.1974) where this Court found an affirmative link between Barnes and the narcotic because he exclusively occupied the premises as his residence. Marihuana was found hidden inside a cereal box in the kitchen cabinet. The evidence in that case disclosed the apartment searched to be defendant's residence and the other four persons present were guests and did not exercise any control over the apartment. The Barnes case is distinguishable from the case at bar in that it dealt with one person having exclusive possession of the premises and the contraband being secreted away on the premises. In the instant case, there is a large two-story house with numerous rooms and nine other persons having a possessory interest in the premises. Also, the contraband in question was not secreted away as in the Barnes decision, but readily accessible to any of the ten occupants. We also note that there were no res gestae statements, no fingerprints, no indication that appellant was under the influence of narcotics, no attempt to escape, no furtive gestures, nor any other circumstances which would connect appellant with the LSD in the present case.

A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts only to a strong suspicion or mere probability is insufficient. Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App.1969). From the facts in the record, the State has merely shown a slight possibility or weak suspicion that appellant had knowledge and control of the dangerous drug. Even when construed in the light most favorable to the State, the evidence, we conclude, is insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.