Gregory **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49754.

Court of Criminal Appeals of Texas.

April 9, 1975.

Gerald M. Brown, Temple, for appellant.

Joe Carroll, Dist. Atty., and William P. Gibson, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the possession of lysergic acid diethylamide; the punishment assessed was imprisonment for three years. The only issue presented in this appeal is the sufficiency of the evidence.

On August 13, 1972, under authority of a search warrant, two City of Temple police officers searched a residence in Temple with the address of 1308 South 55th Street. A young woman, who identified herself as the wife of Gregory Williams, and a young child were the only people present at the residence when the search was made. During their search the officers found 138 brown tablets on a door shelf inside of the refrigerator. At the trial through expert testimony the tablets were proved to be lysergic acid diethylamide. After the search of the house one of the officers went to the appellant's place of employment, which/ was about one and one half blocks from the residence, and arrested the appellant. Robert Guess, the director of the Utilities Department for the City of Temple, identified a record of his department which was admitted in evidence; it showed the utilities for 1308 South 55th Street had been connected in the name of Greg Williams. These records covered a period from January 1, 1972, to September 22, 1972. The

director of utilities did not know whether Greg Williams and Gregory Miles Williams, the appellant, were the same person. He did not know personally who had the utilities connected. He did not know whether the person who had the utilities connected lived at the house, and he did not know who had paid the utility bills.

There was no testimony that clothing or any other object belonging to the appellant was found in the house at the time it was searched. There was no testimony that anyone had ever seen the appellant on the premises searched even though the officers testified they had these premises under surveillance prior to obtaining the search warrant.

The meager circumstances here presented do not support the jury's verdict that the appellant was guilty of either the exclusive or joint possession of the contraband found in the refrigerator. A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to a strong suspicion or mere probability is insufficient. Brock v. State, 162 Tex.Cr.R. 339, 285 S.W. 2d 745 (1956); Culmore v. State, 447 S. W.2d 915 (Tex.Cr.App.1969); Reid v. State, 474 S.W.2d 702 (Tex.Cr.App.1972).

In Williams v. State, 498 S.W.2d 340 (Tex.Cr.App.1973), a majority of this Court held that evidence which was stronger than that presented in this case was insufficient to sustain a conviction for possession of heroin. We quote from that case:

"The conviction will be reversed. At most the evidence shows that: (1) even though the appellant was in the trailer house at the time the search warrant was executed, he was not found to be in personal possession of narcotics; (2)

since four other persons were present on the scene, and the evidence shows 'were also staying there,' when the search warrant was executed, appellant was not shown to be in exclusive possession; (3) since the narcotics in question were found on the dressing table in one bedroom, and appellant was in the kitchen of the trailer, sufficient 'close proximity' is not shown; (4) even though 'needle marks' were on appellant's arm, the witness testified that they could not determine whether they were recent; (5) even though the evidence shows that the utility bills for the trailer were in appellant's name, no other evidence, other than the fact of appellant's presence, was introduced to show he occupied the premises. See and compare Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Harvey v. State, Tex.Cr.App., 487 S.W. 2d 75; Hausman v. State, Tex.Cr.App., 480 S.W.2d 721; Payne v. State, Tex. Cr.App., 480 S.W.2d 732; Carr v. State, Tex.Cr.App., 480 S.W.2d 678; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Haynes v. State, Tex.Cr.App., 475 S.W. 2d 739." Williams v. State, supra, p. 341 of 498 S.W.2d.

See also Morrow v. State, 478 S.W.2d 941 (Tex.Cr.App.1972); Wright v. State, 500 S.W.2d 170 (Tex.Cr.App.1973).

The state cites and relies upon Collini v. State, 487 S.W.2d 132 (Tex.Cr.App.1972), Hineline v. State, 502 S.W.2d 703 (Tex. Cr.App.1973), and Rodriquez v. State, 496 S.W.2d 46 (Tex.Cr.App.1973), to sustain its position. It is not necessary for us to compare the circumstances in this case to those in the cases relied upon by the state. The circumstances in those cases showing possession of narcotics are much stronger than here.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.