Donald S. WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51393.

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

B. J. Edwards, Abilene, for appellant.

Ed Paynter, Dist. Atty. and Patricia A. Elliott, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking appellant's probation and imposing a four-year sentence upon him. On April 24, 1975, appellant pleaded guilty to the offense of credit card abuse and received a four-year probated sentence. A motion to revoke appellant's probation was filed on May 20, 1975. At the June 13, 1975 hearing thereon, the motion charged appellant with violating the terms of his probation by being in possession of a usable quantity of marihuana of less than two ounces. After the hearing, the court revoked appellant's probation upon a finding that the allegations in the motion had been substantiated.

Appellant challenges the sufficiency of the evidence to support the revocation of his probation. On May 17, 1975 Abilene police officers executed a search warrant at 1705 South 3rd, Apt. 214 in Abilene. Inside they found appellant and one John Powell in the living room. A Sherrill Cherry was in the bathroom flushing marihuana down the toilet. Marihuana and various articles of paraphernalia were found all over the apartment.

Some potted marihuana plants were found on top of the refrigerator in the kitchen and in a coffee can on the kitchen bar. Some burned marihuana cigarette remains were found in the trash under the kitchen sink and in a cigarette package found in the southwest bedroom. Marihuana residue was found in the vacuum cleaner in the hall and a cardboard container under

the bathroom sink, as well as in two small containers found in the southwest bedroom. This bedroom also yielded a pipe containing marihuana residue and packages of cigarette papers in the dresser and in a white jacket in the closet. Marihuana seeds were found under the cushions of the sofa in the living room and in a small cardboard box on the shelf of a closet in the northwest bedroom. This box also contained a roach clip and two envelopes. One envelope, postmarked eight months prior to the search, was addressed to "Donald S. Woods, Jr." and the other envelope, of indeterminate date, was addressed to "D. Woods." Both envelopes were from record clubs. Both envelopes were sent to the same post office box at Dyess Air Force Base, not to the apartment on South 3rd. Officers testified that other "personal papers" of appellant were found in the northwest bedroom, but nonesuch were introduced into evidence. The closet contained no clothes.

No marihuana or paraphernalia was found on the appellant. Nor did he attempt to flee, or make any spontaneous utterances or furtive gestures upon the officers' arrival. They testified that the apartment contained the odor of burning incense, but not marihuana; there was no evidence that any of the occupants appeared to be under the influence of any drugs. It was not shown to whom the apartment belonged.

■ In order to prove possession, the State is required to show that the appellant exercised actual care, control and management over the contraband and that he had knowledge that the same was contraband. *Guitierrez v. State*, Tex.Cr.App., 533 S.W.2d 14 (this day decided); *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr. App.1974). Possession of contraband need not be exclusive and evidence which shows that the accused jointly possessed the contraband with another is sufficient. *Long v. State*, Tex.Cr.App., 532 S.W.2d 591 (delivered Dec. 10, 1975); *Abercrombie and Dean v. State*, 528 S.W.2d 578 (Tex.Cr.App.1975);

*Williams v. State*, 524 S.W.2d 705 (Tex.Cr. App.1975). But mere presence at a place where contraband is found, even in close proximity if not in plain view, does not, in itself, justify a finding of joint possession. *Hernandez v. State*, 517 S.W.2d 782 (Tex. Cr.App.1975); *Curtis v. State*, supra; *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App. 1972). There was no marihuana in plain view in the living room where appellant was found.

■ Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the contraband and control over it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Higgins v. State*, supra; *Carvajal v. State*, 529 S.W.2d 517 (Tex.Cr.App.1975); *Long v. State*, supra; *Hineline v. State*, 502 S.W.2d 703 (Tex.Cr. App.1973); *Smith v. State*, 514 S.W.2d 749 (Tex.Cr.App.1974); *Williams v. State*, 498 S.W.2d 340 (Tex.Cr.App.1973). The only evidence besides appellant's mere presence which would tend to link him to the marihuana found in this case was the two envelopes found in the closet of the northwest bedroom.

In both *Williams v. State*, 521 S.W.2d 275 (Tex.Cr.App.1975) and *Williams v. State*, 498 S.W.2d 340 (Tex.Cr.App.1973) the defendants paid the utility bills at the premises where the contraband was discovered. In the later *Williams* case, the defendant was not present at the time of the search, but the woman who was present claimed to be his wife. In the earlier *Williams* case, the defendant was present but not in the bedroom in which the contraband was discovered. No letters, clothing or other articles belonging to the defendants were found on the premises. The evidence of possession was held to be insufficient in both cases.

In *Higgins v. State*, supra, LSD was found in the refrigerator in the kitchen and two letters addressed to the defendant at

that house were found in the adjoining dining room. The letters, however, were postmarked 5½ months before the search, and even though Higgins was present at the time of the search the evidence was held insufficient to link him to the contraband. And in *Reid v. State*, 474 S.W.2d 702 (Tex. Cr.App.1972), defendant's driver's license was found in a box containing marihuana in a house shown to be rented to two others. Reid was not present when the search began, although she arrived fifteen minutes later. The evidence of possession was held to be insufficient, partly because there was no showing that the address on the driver's license was the same as the premises searched or whether the license was still valid or expired.

On the other hand, evidence of possession was sufficiently linked to the defendant in *Hineline v. State*, supra, where a homestead affidavit in his name was found on top of a dresser in which marihuana was found and marihuana residue was found on paper in a box addressed to him at the premises searched. And in *Curtis v. State*, supra, letters addressed to Curtis and a co-defendant at an address in another city were found in the bedroom in which the contraband was also found. But the additional testimony supplied by the apartment manager that the defendant had rented the premises searched and had been observed moving in was sufficient to sustain a conviction for possession.

Closely on point is the case of *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr.App.1971) in which a letter addressed to the defendant and found in the same box as the marihuana was held to be sufficient to link him to the substance. In contrast to this case, however, the letter was addressed to the premises searched and there was no showing that it was not postmarked near the time of the search.

■ Despite the similarities to *Haynes*, this case has too many of the characteristics of *Reid* and *Higgins* for us to say that possession has been proven beyond a rea-sonable doubt. This case, however, involves a probation revocation. The standard of proof that the State must meet is not proof beyond a reasonable doubt, but rather proof by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1975). We hold that the presence of the appellant at the premises searched, along with the two envelopes apparently addressed to him and found with the contraband, was sufficient to meet this lower standard of proof. The trial court therefore did not abuse his discretion in finding that appellant possessed the contraband as alleged.

■ Appellant also challenges the adequacy of the search warrant affidavit to establish probable cause under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Specifically, he contends that the allegations of the informant's reliability and credibility are insufficient.

The affidavit recites the necessary specifics about appellant's possession of contraband as related by a *named* informer. The only allegation of the informant's reliability is that she had no criminal record. But the fact that she allowed her name to be used goes a long way toward establishing her credibility. As was stated in *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972):

"The reasons for detailing the basis for an officer's belief in information gained from an undisclosed informant simply do not apply where a private citizen, whose only contact with the police or criminal activity is a result of having witnessed a single criminal act committed by another, furnishes law enforcement officials with information and vouches for such information by allowing the officers to use his name. Recently the United States Court of Appeals for the Fifth Circuit stated in *United States v. Bell*, 457 F.2d 1231:

"'The rationale behind requiring a showing of credibility and reliability is to prevent searches based upon an unknown informant's tip that may not reflect any-

thing more than idle rumor or irresponsible conjecture. Thus, without the establishment of the probability of reliability, a "neutral and detached magistrate" could not adequately assess the probative value of the tip in exercising his judgment as to the existence of probable cause. Many informants are intimately involved with the persons informed upon and with the illegal conduct at hand, and this circumstance could also affect their credibility. None of these considerations is present in the eyewitness situation such as was present here. Such observers are seldom involved with the miscreants or the crime. Eyewitnesses by definition are not passing along idle rumor, for they either have been the victims of the crime or have otherwise seen some portion of it. A "neutral and detached magistrate" could adequately assess the probative value of an eyewitness's information because, if it is reasonable and accepted as true, the magistrate must believe that it is based upon firsthand knowledge.'

"We hold that the requirements of *Aguilar v. Texas,* supra, are met when the hearsay information in an affidavit is derived from named persons who supply detailed information suggesting direct knowledge of the information which they have given." (Citations omitted.)

There being no error or abuse of discretion, the judgment of revocation is affirmed.

ONION, Presiding Judge (dissenting).

I remained convinced that the proper burden of proof in revocation of probation proceedings is "beyond a reasonable doubt" for the reasons stated in my dissenting opinion in *Kelly v. State,* 483 S.W.2d 467, 473 (Tex.Cr.App.1972). See also dissenting opinion in *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Cr.App.1975). Since, as the majority agrees, the evidence does not show the commission of the offense charged "beyond a reasonable doubt," I dissent to this affirmance.