Henry MENDOZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 55827.

Court of Criminal Appeals of Texas, Panel No. 3.

April 18, 1979.

Rehearing En Banc Denied July 18, 1979.

M. N. Garcia, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

DOUGLAS, Judge.

Henry Mendoza appeals his conviction for possession of heroin. Punishment was assessed by the court at twenty years.

Mendoza contends that the evidence was insufficient, that his consent to search was not voluntary and that he was improperly

denied the right to conduct an independent chemical analysis of the heroin. We reject these contentions and affirm.

During the evening of February 25, 1976, officers from the Lockhart Police Department conducted a search of appellant's home after he gave his written consent. The officers entered a closet in the home and found behind a chest of drawers a plastic bag which they thought to contain heroin. On a shelf in the closet they found a can of lactose. They found some plastic baggies and small pieces of tinfoil. They found a coat with $1800 in cash in a pocket. This was some three or four feet from the lactose. Appellant stated that the money and the coat were his. He counted out the money and kept it. He claimed that the lactose was his, that he used it for food. The small pieces of tinfoil were about two inch squares. An officer testified that narcotic dealers used the tinfoil squares like those they found in the closet to wrap heroin and sell it. One square would hold one "shot" of heroin. He also testified that lactose was used to cut heroin. An officer testified that appellant had $1,000 on his person. Appellant, his wife and children were in the house. One baby was up and the rest were asleep. Appellant had a lot of names and telephone numbers on his person.

A chemist for the Department of Public Safety said he found eight milligrams of heroin in the packet submitted to him for examination. It was a small sample but enough for a dosage. He found it to be extremely pure. He also testified that lactose was milk sugar and that it is used for cutting heroin.

■ The evidence shows that appellant had lived in the house from October until February, the time of the arrest; that his wife and children lived with him. There is no one else shown to be in the house except his wife and his children. The heroin was found in the closet, along with his clothes. All of the circumstances, such as the finding of the tinfoil, the plastic bags, the lactose near where appellant kept his clothes, was sufficient to show that he possessed

heroin. It would have to be an unbelievable hypothesis that he did not possess it.

This case is distinguishable from *Damron v. State*, 570 S.W.2d 933 (Tex.Cr.App.1978). In *Damron*, where marihuana was found in the closet of a house occupied by the defendant and his wife, we reversed the conviction because the evidence was insufficient. In *Damron*, we stressed that the defendant was not present at the time of the search, that the closet was not shown to be in his bedroom, that no personal items belonging to him were in the closet and he did not make any incriminating statements at the time of the arrest. In the instant case, clothing and a large amount of cash belonging to appellant were found in the closet. Appellant also admitted that the lactose was his. Unlike *Damron*, Mendoza was directly linked to the closet.

■ Complaint is next made that a consent to search signed by Mendoza was not freely and voluntarily made. Officer Dean Reed of the Lockhart Police Department testified as follows concerning the events surrounding Mendoza's consent:

"Q. Would you read it in front of the jury as you read it to Henry Mendoza.

"A. 'I have been requested by Dean Reed, Patrolman for the Police Department of the City of Lockhart, Texas, to permit him and other officers to search my house located at 614 S. Blanco St., Lockhart, Caldwell County, Texas. I have been informed that I do not have to consent to such a search and that I have the right to refuse to consent to such a search. I understand my rights and I freely and voluntarily consent to the search. Date: 2/25, 1976.' Signed by Henry Mendoza."

The written consent form was introduced. Officers Ed Braun and Mark Hinnenkamp both testified that Mendoza executed the consent. Appellant did not introduce any evidence to show coercion.

The written consent in the record indicates that Mendoza voluntarily and with

knowledge that he could refuse the search signed the consent form. The record does not reflect any evidence of coercion beyond that inherent in any situation where an officer asks a citizen to consent to a search. We conclude that the consent was freely and voluntarily given with full knowledge that he could refuse permission to search.

■ Mendoza contends that he was denied the opportunity to have an independent chemical analysis made of the heroin. The accused is entitled to have any alleged contraband tested by his own chemist if he makes a timely request for such an opportunity. *Montes v. State*, 503 S.W.2d 241 (Tex. Cr.App.1974); *Detmering v. State*, 481 S.W.2d 863 (Tex.Cr.App.1972).

■ Mendoza argues that item 15 of his discovery motion, which was granted by the court, constitutes his request for the independent chemical analysis. Item 15 requested inspection of:

"Any tangible object, written statement, report, or any other type of evidence that would be favorable to this Defendant in the preparation of his defense."

This is insufficient to constitute a request for an independent chemical analysis of the drug.

There is no error. The judgment is affirmed.

ROBERTS, Judge, dissenting.

I dissent to the majority's holding that the evidence in the present case affirmatively links the appellant to the minuscule amount of heroin in question.

The majority's attempt to distinguish *Damron v. State*, 570 S.W.2d 933 (Tex.Cr. App.1978) from the present case is tenuous at best. In *Damron*, we sustained an insufficiency of evidence contention on facts closely analogous to the present case for the following reasons:

"In the instant case the appellant was (1) not at the place searched at the time of the search,[1] and (2) there were other persons present at the time of the search and shown to be living there so appellant was not in exclusive possession, (3) the marihuana was found in a closet in a bedroom without any showing it was appellant's bedroom or the only bedroom in the house and no showing of appellant's personal belongings in the closet or bedroom or even the observation of any men's clothing, etc., and (4) appellant was not found in possession of any contraband at the time of arrest nor (5) was he under the influence of any narcotic and (6) he did not make any incriminating statements at the time of arrest." *Ibid.* at 936.

In the present case, appellant had been living at the house in question for approximately four months with his wife and children, the number and ages of which are not reflected by the record. The house was furnished when it was rented and the utilities were connected in the name of appellant's wife. On the night in question, appellant consented to the search and made no incriminating statements at that time. The other members of appellant's family were also present when the search was conducted. The closet in which the heroin was found contained men's as well as women's clothing and a set of barbells, none of which was identified as belonging to the appellant. There was no showing that the bedroom in which the closet was located was the appellant's bedroom or the only bedroom in the house. No contraband was found on appellant's person at the time the search was conducted, nor was he at that time under the influence of narcotics.

The majority distinguishes the present case from *Damron* by saying that "In the instant case, clothing and a large amount of cash belonging to appellant were found in the closet. Appellant also admitted that the lactose was his. *Unlike Damron, Mendoza was directly linked to the closet.*" (Emphasis supplied.) This reasoning is not

---

1. Unlike the majority, I fail to perceive the significance of this distinguishing factor under the facts of the present case.

sound. The appellant must be affirmatively linked to the contraband itself rather than the immediate area in which it was found. Where an accused is not in exclusive possession of the premises where the contraband is found, it cannot be concluded that he had knowledge of the narcotic and had control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the narcotics. *Damron v. State*, supra. See also *Williams v. State*, 521 S.W.2d 275 (Tex.Cr.App. 1975).

In light of the circumstances of the present case and for the reasons announced in *Damron*, supra, I would conclude that the evidence is insufficient to prove that appellant knowingly possessed heroin as alleged in the indictment. *Guitierrez v. State*, 533 S.W.2d 14 (Tex.Cr.App.1976); *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App.1976), and cases there cited.

Accordingly, the judgment of conviction should be set aside and reformed to show an acquittal. For the foregoing reasons, I dissent.