IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-146-CR




CLARENCE CAMPBELL,


a/k/a MARCOS DAVIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 


NO. 2C90-91,563, HONORABLE JOHN BARINA, JUDGE


 





PER CURIAM

 The trial court found appellant guilty of unlawfully carrying a weapon and assessed
punishment at incarceration for one year. Tex. Penal Code Ann. § 46.02 (1989). In his only
point of error, appellant contends that the discovery of the weapons was the result of unlawful
actions by the police. Finding no error, we affirm.

 On February 2, 1990, there was an incident in Harker Heights in which gunshots
were fired. The following day, three persons claiming to have witnessed the incident came to the
Killeen police department where they met officer A.C. Ford. After identifying themselves, they
told Ford that the two men who fired the shots were on their way to the bus station in a blue-and-white Chevrolet, Texas license plate 498 ZRP. One of the men was wearing a gray jogging suit
and a black hat. According to the witnesses, the men were preparing to leave town. Ford gave
this information to the dispatcher, who broadcast the information.

 Officer James Smith heard the dispatch and drove to the bus station. The blue
Chevrolet was parked at the station, and a man dressed in the manner described was standing
beside it. That man was appellant. Smith ordered appellant to walk toward him with his hands
raised and to lean against the patrol car. The officer frisked appellant and found two handguns
in the waistband of his pants.

 Appellant argues that his detention and search were unlawful because the police
were acting on information received from persons of unknown credibility. But the fact that the
witnesses gave their names to the police went a long way toward establishing their credibility. 
Woods v. State, 533 S.W.2d 16, 19 (Tex. Crim. App. 1976). This is particularly true in this
cause, where the information provided by the witnesses was sufficiently detailed so as to suggest
direct knowledge on their part. Wilkerson v. State, 726 S.W.2d 542, 545 (Tex. Crim. App.
1986).

 At the least, Smith had an objectively reasonable basis for temporarily detaining
appellant for further investigation. United States v. Cortez, 449 U.S. 411 (1981); Ferguson v.
State, 573 S.W.2d 516, 522 (Tex. Crim. App. 1978). Given the nature of the criminal activity
under investigation, the officer's frisk of appellant for weapons was warranted. Terry v. Ohio,
392 U.S. 1 (1968); Davis v. State, 794 S.W.2d 123, 125 (Tex. App. 1990, pet. ref'd). The trial
court did not err in overruling appellant's objection to the testimony concerning the discovery of
the weapons.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: November 27, 1991

[Do Not Publish]