**Arthur B. HINELINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47850.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

five more people were discovered seated in the living room. A tenth person arrived while the search was in progress.

A search of the premises was conducted and quantities of marihuana were found in the garage, in a dresser in one of the bedrooms, in a shaving kit in the bathroom, and in the bathtub. A homestead affidavit in appellant's name, relating to the property in question, was discovered on top of the dresser in which marihuana was discovered, and there were photographs on the dresser, several of which pictured appellant. The closet in this same bedroom with this dresser contained several leather jackets. A cardboard box found in the garage, which contained a brown paper wrapper which was later shown to have marihuana residue on it, had appellant's name and address written on the top of the box.

Of the ten persons at the residence at the time of the search, only appellant and a David Montgomery were subsequently charged with an offense. The testimony of the police officers who conducted the search reflects that no marihuana was found on the person of any of those present, that no one was observed smoking marihuana, and that there was no odor of marihuana in the house. There was no testimony which directly linked appellant with any of the clothing in the closets, other than the fact that there were several new leather jackets "large enough to fit the defendant", and that appellant was a salesman of leather jackets.

The Supervisor of Customer Accounts for Southern Union Gas Co. in Austin testified that gas service for 5412 Avenue G was in the name of appellant on October 3, 1972. The manager of the Water and Light Department for the City of Austin testified that on October 3, 1972, water and light service was in the name of the appellant. Additionally, a warranty deed and deed of trust placing title to the property at 5412 Avenue G in appellant's name were introduced into evidence.

---

Thomas A. Autry, Austin, for appellant.

Robert O. Smith, Dist. Atty., Charles Craig, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, set by the court, seventeen (17) years.

In his sole ground of error appellant contends that the evidence is insufficient to show that he possessed marihuana.

At approximately 8:30 p. m. on October 3, 1972, several members of the Austin Police Department, armed with a search warrant, went to a residence located at 5412 Avenue G in Austin. Upon arriving they observed four persons sitting on the front porch, one of whom was appellant. These four were taken inside the residence where

Defense witness Marianne Williams testified that appellant had moved from the house a week and a half to two weeks before the day of the search. She testified that on October 3, 1972, she and a Ginger Beeman and David Mongomery were living in the house, and that she and Miss Beeman were paying rent to appellant. There was also testimony that appellant was the owner of an International carry-all which was parked next to the garage of the residence at the time of appellant's arrest and at the time of trial, and that several motocycles belonging to appellant were found in the garage in various states of repair.

Defense testimony established that David Montgomery was living in the house at the time of the search and arrest. No marihuana was found on appellant, and the State does not assert that he was in exclusive possession of the narcotic material.

Where there is an absence of direct evidence that an accused was in exclusive possession of a narcotic, then possession must be proved by the introduction of circumstantial evidence. The evidence must affirmatively link the accused to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the narcotic's existence and of its whereabouts. Powell v. State, Tex.Cr.App., 502 S.W.2d 705 (1973). This affirmative link is established by showing additional independent facts and circumstances which indicate the accused's knowledge and control. Alba v. State, Tex.Cr.App., 492 S.W.2d 555.

The evidence of this case reflects that the necessary affirmative link was established. First, appellant's name appears on the outside of the box where officers found a brown paper wrapper with marihuana residue. Secondly, a homestead affidavit in appellant's name was found on top of the dresser where marihuana was seized.

In a similar situation in Haynes v. State, Tex.Cr.App., 475 S.W.2d 739, we held that the necessary affirmative link was furnished when it was shown that a letter addressed to the appellant was found in a box containing two "baggies" of marihuana.

In view of the fact that the utilities were registered in appellant's name, that it was shown that the title to the property was in his name, that he was present when the search took place, and that the indicated affirmative links were established, we find the evidence sufficient to sustain the jury's verdict.

The judgment is affirmed.