Satterwhite v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-331-CR





GRACE SATTERWHITE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 99,224, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 A trial court found appellant Grace Satterwhite guilty of possessing less than 28
grams of cocaine, a controlled substance. Texas Controlled Substances Act, Tex. Health &
Safety Code Ann. § 481.115 (West 1992). The court assessed punishment at five years of
probation. By two points of error, appellant contends that the trial court erred by: (1) failing
to grant appellant's motion to suppress evidence, and (2) finding appellant guilty despite the
State's failure to link appellant affirmatively to the controlled substance. We will affirm the
judgment.

THE CONTROVERSY


 On the night of April 16, 1989, Austin police officers Paul Ford and Larry
Richardson responded to a dispatch call that was based on an anonymous tip reporting two
individuals selling narcotics out of a van in the parking lot of an Austin apartment complex. 
Upon arrival at the complex, the officers observed two individuals inside a van who fit the
description from the dispatch call. The officers asked the two individuals to exit the van and
to produce identification. Appellant, who was sitting on the passenger's side of the van, did
not produce any identification but did tell Officer Ford her correct name. The driver of the
van, Glen West, did show identification. After running a check which revealed that West had
outstanding warrants for prior "hot check" offenses, Officer Richardson placed him under
arrest. Appellant had no outstanding warrants for her arrest.

 During the pretrial hearing, Officer Richardson testified that, because West had
been sitting in the driver's seat and was under arrest, Officer Richardson and Officer Ford
were going to impound the vehicle. West did not ask to have the van released to appellant,
and Officer Richardson testified that, in any event, the police officers would not have released
the van to appellant because she had produced no identification. (1) Officer Ford began a
warrantless inventory search of the van; he found a purse and a box on the dashboard and,
with the aid of a flashlight, found a prescription pill bottle on the floorboard of the driver's
side of the van. Officer Ford found a semi-automatic pistol inside the purse and discovered
bullets inside the box on the dashboard. Inside the bottle labelled with appellant's name,
Officer Ford found three off-white rocklike objects, which he believed to be crack cocaine. 
Officer Ford then placed appellant under arrest. At trial, both sides stipulated that the bottle
in fact contained cocaine.

 Appellant filed a pretrial motion to suppress all evidence obtained from the
search. The trial court denied the motion, and at trial, appellant was convicted of possession
of a controlled substance and sentenced to five years of probation. Appellant appeals the
conviction.



ANALYSIS


 In her first point of error, appellant contends that the trial court erred by failing to
grant her motion to suppress evidence. Appellant concedes that the officers were lawfully
authorized to request identification from her and West, to arrest West based on his outstanding
warrants, and to search West's van incident to that arrest without first obtaining a warrant. 
Appellant contends, however, that her constitutional rights were infringed when Officer Ford
opened the pill bottle without a warrant, an action constituting an invalid search of her personal
effects. 

 In advancing her first point of error, appellant complains of the violation of her
rights under the Fourth and Fourteenth Amendments to the United States Constitution; Article I,
Section 9 of the Texas Constitution; and Articles 1.06 and 30.23, plus Chapters 14, 15, and 18
of the Texas Code of Criminal Procedure. In McCambridge v. State, 712 S.W.2d 499 (Tex.
Crim. App. 1986), the Court of Criminal Appeals warned that such a broad-based approach must
be taken with care:



Attorneys, when briefing constitutional questions, should carefully separate federal
and state issues into separate grounds and provide substantive analysis or argument
on each separate ground. If sufficient distinction between state and federal
constitutional grounds is not provided by counsel, the Court may overrule the
ground as multifarious.



Id. at 502 n.9 (citations omitted).

 By combining more than one contention in a single point of error, an appellant risks
rejection on the ground that nothing is properly presented for review. Sterling v. State, 800
S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied, 111 S. Ct. 2816 (1991). A claim of
cumulative error alleging violations of both the federal and state constitutions is a multifarious
point of error. Stoker v. State, 788 S.W.2d 1, 18 n.14 (Tex. Crim. App. 1989), cert. denied, 111
S. Ct. 371 (1990). Further, claims asserting violations of specific provisions of the Texas
Constitution that provide neither argument nor authority in support of the distinctive protection
afforded by the state constitution are inadequate and will not be addressed. Morehead v. State,
807 S.W.2d 577, 579 n.1 (Tex. Crim. App. 1991). Appellant's first point of error is multifarious
and could be overruled on this basis, Adkins v. State, 764 S.W.2d 782, 785 (Tex. Crim. App.
1988), but we will nonetheless consider the federal constitutional question presented. However,
because appellant failed to distinguish the protection afforded by the Texas Constitution from that
provided by the federal constitution, and because appellant failed to brief her contentions under
the Texas Code of Criminal Procedure, we consider the state-protection grounds presented in
appellant's first point of error to be inadequately briefed, hence waived, and will not address
them. See Morehead, 807 S.W.2d at 579 n.1.

 A passenger in a vehicle has no legitimate expectation of privacy in the passenger
compartment of the vehicle unless she asserts a possessory interest in the vehicle or the property
seized. See Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985). Appellant did not
testify at the pretrial hearing, and no evidence exists that appellant claimed an interest in either
the van or the seized bottle. Criminal defendants who assert neither a property nor a possessory
interest in a vehicle in which they are passengers at the time of a search, and who claim no
interest in the property seized, cannot challenge the search of the passenger compartment as
violative of the Fourth Amendment. Rakas v. Illinois, 439 U.S. 128, 134, 148, 150 (1978). 
Therefore, appellant lacks standing to contest the search of the floorboard of West's van or the
search and seizure of the pill bottle. 

 In any event, because it was incident to a valid arrest, the search of West's van,
though warrantless, was legal. When a police officer makes an arrest, it is reasonable for the
arresting officer to conduct a warrantless search of the person arrested as well as the area "within
[the arrested individual's] immediate control" to remove any weapons or to seize any evidence to
prevent its concealment or destruction. Chimel v. California, 395 U.S. 752, 762-63 (1969). The
authority to search the person incident to arrest does not depend on what a court later may decide
was the probability that weapons or evidence would, in fact, be found upon the person of the
arrestee; the arrest itself is a reasonable intrusion under the Fourth Amendment, and so the search
incident to that arrest requires no additional justification. United States v. Robinson, 414 U.S.
218, 235 (1973). Moreover, when the occupant of an automobile is lawfully arrested, the
arresting officer may search the passenger compartment of the vehicle incident to that arrest. New
York v. Belton, 453 U.S. 454, 460 (1981). The scope of this search extends to any containers,
open or closed, found within the passenger compartment; the justification for the search is not that
the arrested person has no privacy interest in the container, but that the lawful custodial arrest
justifies the officer's infringement of any privacy interest the arrested person may have. Id. at
460-61. (2) Even if a container is such that it could hold neither a weapon nor evidence of the
criminal conduct for which the suspect was arrested, no additional justification is required for its
search. Id. at 461. The record does not indicate any attempt by appellant to assert a possessory
interest in the bottle, which was found on the floorboard of the driver's side of the van, at any
time during the search. We reject appellant's contention that the search of the bottle was a search
of her personal effects in violation of her constitutional rights, noting that appellant cites no
authority in support of this proposition.

 Further, the search of the van and its contents was legal as an inventory search
pursuant to a lawful impoundment of the van. See South Dakota v. Opperman, 428 U.S. 364
(1976). A vehicle may be validly impounded and inventoried when "the driver is removed from
his automobile and placed under custodial arrest and no other alternatives are available other than
impoundment to insure the protection of the vehicle." Benavides v. State, 600 S.W.2d 809, 811
(Tex. Crim. App. 1980). The police had no reasonable alternative to impounding West's van. 
Appellant was the only other person present at the time of West's arrest. West did not ask the
police to release the van to appellant, and, in any event, because appellant failed to produce a
driver's license or any other identification, she would not have been permitted to take possession
of the van. Stephen v. State, 677 S.W.2d 42, 43-44 (Tex. Crim. App. 1984). 

 Appellant contends that she was arrested prior to the search and that the arrest (and
therefore the search) was invalid. Appellant bases this claim on the argument that Officer Ford
restrained her liberty even before she was formally placed under arrest. Appellant's argument is,
however, irrelevant, given that the search of the van was conducted incident to West's arrest. 
Consequently, appellant's subjective perception that she was being detained has no bearing on the
propriety of the search.

 Finding no error in the trial court's decision to overrule the motion to suppress,
we overrule appellant's first point of error.

 In her second point of error, appellant contends that the trial court erred in finding
her guilty despite the State's failure to affirmatively link her to the contraband seized. Although
we have concluded that appellant lacks standing to contest the validity of the search of the pill
bottle, we are not thereby precluded from determining whether there existed an affirmative link
between appellant and the bottle. The State, without legal contradiction, may simultaneously
maintain that a defendant criminally possessed the seized goods but was not subject to a Fourth
Amendment deprivation. United States v. Salvucci, 448 U.S. 83, 90 (1980).

 In reviewing appellant's legal sufficiency point of error, this Court must view the
evidence in the light most favorable to the prosecution to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App.
1981). Further, in circumstantial evidence cases, we must also determine whether the evidence,
viewed in the light most favorable to the verdict, excludes every reasonable hypothesis except the
defendant's guilt. Carlsen v. State, 654 S.W.2d 444, 447 (Tex. Crim. App. 1983). (3)

 To establish unlawful possession of a controlled substance, the State must prove
that the defendant exercised care, control, and management over the substance and that the
defendant knew the substance was contraband. Oaks v. State, 642 S.W.2d 174, 176 (Tex. Crim.
App. 1982). However, if a defendant is not in exclusive possession of the place where contraband
is found, it cannot be concluded that the defendant had knowledge of and control over the
substance unless the State shows additional independent facts and circumstances affirmatively
linking the defendant to the contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex. Crim. App.
1987). Among such additional facts to be considered are whether: (1) the controlled substance
was in plain view; (2) the place where the contraband was found was enclosed; (3) the contraband
was conveniently accessible to the accused; (4) the accused was the owner of the place where the
contraband was found; (5) the accused was the driver of the automobile in which the contraband
was found; and (6) the contraband was on the same side of the car seat as the accused was sitting. 
Id. Additional factors include whether the accused had a special connection to the contraband,
Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, no pet.), and whether the
accused's name appeared on any tangible objects found in the premises, Herrera v. State, 561
S.W.2d 175, 179 (Tex. Crim. App. 1978). The number of factors present is of less import than
the logical force the factors have, alone or in combination, in establishing the elements of the
offense. Trejo v. State, 766 S.W.2d 381, 385 (Tex. App.--Austin 1989, no pet.). Each case must
be reviewed on its own set of facts for evidence of sufficient affirmative links. Humason v. State,
728 S.W.2d 363, 367 n.12 (Tex. Crim. App. 1987). 

 Appellant was not alone in the van, and so it cannot be said that appellant was in
exclusive possession of the place where the contraband was found. Thus, the State must
affirmatively link appellant to the contraband in question. Guiton, 742 S.W.2d at 8. Appellant
contends that the fact that her name appeared on the pill bottle cannot, alone, affirmatively link
her to its contents. Appellant also contends that because she was sitting in the passenger's seat
of the van, the fact that the bottle of crack cocaine was found on the driver's side of the floorboard
calls into question her possession of the contraband. Mere presence in a place where contraband
is being used or possessed by others does not in itself justify a finding of possession. Curtis v.
State, 519 S.W.2d 883, 885 (Tex. Crim. App. 1975). However, it is not necessary to prove that
the accused had exclusive possession of the contraband. Damron v. State, 570 S.W.2d 933, 934
(Tex. Crim. App. 1978). A narcotic drug may be jointly possessed by two or more persons. Id. 
Evidence which shows that the accused jointly possessed the contraband with another is sufficient
to sustain a conviction. Id.

 Appellant contends that the bottle was not in plain view because Officer Ford had
to use a flashlight in order to find it on the floorboard. However, the fact that a police officer
uses a flashlight does not prevent an object from being considered in plain view. Legall v. State,
463 S.W.2d 731, 732 (Tex. Crim. App. 1971). The contraband was also found within an
enclosed area and was conveniently accessible to appellant. Further, two factors indicate that
appellant had a special connection to the bottle containing the contraband. First, appellant's name
appeared on the bottle's label. (4) Second, the police were responding to a tip reporting that there
were two individuals selling narcotics out of a van; when the officers arrived at the parking lot,
West's van fit the description of the van and there were in fact two people in the vehicle, one of
whom was appellant. 

 In Goodall v. State, 774 S.W.2d 821 (Tex. App.--Fort Worth 1989, pet. ref'd),
police had observed the appellant kneeling beside the driver's window of a car parked in front of
his residence. One of the two occupants of the car stated that the car belonged to her. The police
found cocaine in the backseat of the car inside a satchel that also contained the appellant's
checkbook and a utility bill bearing his name. The court found sufficient evidence to link the
appellant to the cocaine despite testimony that he probably could not have reached the satchel from
his kneeling position outside the car. In upholding the conviction for possession of cocaine, the
court noted that a reasonable jury could have concluded that the satchel belonged to the appellant
because of the presence of his checkbook and utility bill. We conclude that, in the present case,
a reasonable factfinder could have concluded that the prescription pill bottle belonged to appellant
because the bottle itself was labelled with appellant's name, and based on the entire set of facts,
we believe that the evidence was sufficient to establish an affirmative link between appellant and
the contraband found in the bottle. 

 We conclude that the facts and circumstances affirmatively linking appellant to the
contraband exclude every other reasonable hypothesis except appellant's guilt. Accordingly, we
overrule appellant's second point of error.


CONCLUSION


 The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

[Before Justices Kidd, B. A. Smith and Onion*]

Affirmed

Filed: April 28, 1993

[Do Not Publish]


















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. [1] The officers eventually released the van to a third person who arrived at the scene after
the arrests took place. Nevertheless, the fact that an inventory search is conducted before a
vehicle is actually impounded does not invalidate the search. See Daniels v. State, 600
S.W.2d 813 (Tex. Crim. App. 1980) (holding inventory search valid that took place before
actual towing of the vehicle, based on conclusion that physical location of lawfully impounded
vehicle is irrelevant). 
2. [2] The Court indicated that its holding in regard to the search of the passenger compartment
of a vehicle encompassed only the interior of the vehicle and not the trunk.
3. [3] This holding in Carlsen was prospectively overruled in Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991). Carlsen continues to apply to cases tried before November 6, 1991. 
The present case was tried on November 9, 1990.
4. [4] In Haynes v. State, 475 S.W.2d 739 (Tex. Crim. App. 1971), an envelope addressed to
the appellant that was found in a box containing contraband was found to affirmatively link the
contraband to the appellant. Id. at 742. In Hineline v. State, 502 S.W.2d 703 (Tex. Crim.
App. 1973), an affirmative link was found where the appellant's name appeared on the outside
of a box that contained marihuana residue. Id. at 705. In the present case, the affirmative link
is at least as strong as those found in Haynes and Hineline because the actual contraband in
question was found within the container bearing appellant's name.