IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00311-CR

 

In re
Carl Long

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          Carl Long seeks a writ of mandamus
compelling Respondent, the Honorable John H. Jackson, Judge of the 13th District Court of Navarro County, to address and resolve certain issues identified in an
order of the Court of Criminal Appeals.  Specifically, Long contends that Respondent
failed to address four of at least twelve issues the Court of Criminal Appeals
identified in an order issued by that Court on December 7, 2005.  See Ex
parte Long, No. WR-34,986-06, 2005 WL 3307083 (Tex. Crim. App. Dec. 7,
2005) (not designated for publication).  However, because Long had an adequate
remedy at law, we will deny his mandamus petition.

          The on-line case information for
Long’s habeas proceeding in the Court of Criminal Appeals, docketed under cause
no. WR-34,986-06, reflects that the Court received Long’s habeas application in
October 2005.  On December 7, the Court issued an order requiring Respondent to
conduct a hearing and make findings on at least twelve issues so the Court
could address the merits of the habeas application.  See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3(d) (Vernon 2005).

          According to Long, Respondent
conducted this hearing on March 2.  The Court of Criminal Appeals received a
reporter’s record and other supplemental documents in May, and the writ
application was submitted for decision on May 23.  Based on Respondent’s
findings, the Court of Criminal Appeals denied Long’s writ application without
a written order on June 14.  The Court denied Long’s motion for reconsideration
on June 27.

          “Mandamus relief may be granted if the
relator shows the following: (1) that the act sought to be compelled is purely
ministerial and (2) that there is no adequate remedy at law.”  DeLeon v.
Dist. Clerk, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (per curiam)
(quoting Winters v. Presiding Judge of Crim. Dist. Ct. No. 3, 118 S.W.3d
773, 775 (Tex. Crim. App. 2003)).

          Here, the issues Long raises in his
mandamus petition could have been raised in the motion for reconsideration he
filed with the Court of Criminal Appeals.[1] 
Thus, he had an adequate remedy at law.

          Accordingly, we deny the mandamus
petition.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result without a separate opinion)

Petition denied

Opinion delivered and
filed November 1, 2006

Do not publish

[OT06]

 









[1]
          Long may have raised these
issues in the Court of Criminal Appeals, but we cannot determine this from the
limited information available.








a sex offender with the Ellis
County Sheriff every ninety days.  See
Penal Code, 63d Leg., R.S., ch. 883, § 1, sec. 21.03(a), 1973 Tex.
Gen. Laws 883, 916 (amended 1981) (repealed 1983) (current version at Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007)).  When Deputy Steve McKinney became the sheriff’s deputy responsible
for registering sex offenders for Ellis County, he orally went over the
registration requirements again with all of the county’s registrants and gave
them written notice of the requirements; and they, including King, signed
acknowledgments that they had received and understood the requirements.  See
Tex. Code Crim. Proc. Ann.
art. 62.051(b)-(d) (Vernon 2006).  King testified that he knew the registration
requirements.

        King last registered on
October 3, 2006.  When King then registered, he stated his residence as an
address on East Pecan Tree Road, a trailer home outside the city limits of
Waxahachie, in Ellis County.  The ninetieth day thereafter was January 1,
2007.  On January 1, 2007, Deputy Amy Ellison became the sheriff’s deputy
responsible for registering sex offenders.

        The ninety-eighth day, the
last day on which King could register in compliance with the registration
requirements, after King had last registered was January 9, 2007.  Deputies McKinney and Ellison testified that King had not contacted them to register.  Deputy
Ellison first became aware of King when King’s parole officer contacted her to
tell her of a warrant for King’s arrest for a violation of parole
requirements.  By the time of King’s arrest in February, 2007, he had not
registered.

        King testified that he was not
certain that he had attempted to contact the sheriff’s office to register. 
King testified that he decided not to report to the sheriff’s office because he
knew that he would be arrested for the parole violation if he reported.  In
order to avoid sheriff’s deputies, King was moving his possessions out of his
residence on Pecan Tree Road and into a storage locker by night, and sleeping
in the storage locker by day.  When a deputy sheriff attempting to execute the
arrest warrant on King did find him on Pecan Tree Road, King gave the deputy a
false name and date of birth.  King told that deputy that the “next time when
[King] g[o]t[] out . . . they’d never find him again.”  (4 R.R. at
55.)

        Viewing the evidence in the
light most favorable to the prosecution, we hold that a rational juror could
have found beyond a reasonable doubt that King intentionally did not comply
with the ninety-day sex-offender registration requirement.  The evidence was
legally sufficient.

        We overrule King’s first
issue.

        Objections to Evidence. 
In King’s second issue, he contends that the trial court erred in
overruling King’s objections to evidence.  King complains generally of evidence
of his possession of about three and a half grams of methamphetamine and some marihuana. 
See Tex. Health & Safety Code
Ann. § 481.102(6) (Vernon Supp. 2007), §§ 481.112, 481.115,
481.120-481.121 (Vernon 2003).

        “[A] trial court’s ruling
admitting or excluding evidence is reviewed on appeal for abuse of
discretion.”  Ramos v. State, 245 S.W.3d 410, 417 (Tex. Crim. App. 2008)
(citing State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006) (op.
on orig. submission)); accord Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991) (op. on reh’g).  The abuse-of-discretion “standard requires an
appellate court to uphold a trial court’s admissibility decision when that
decision is within the zone of reasonable disagreement.”  Powell v . State, 63
S.W.3d 435, 438 (Tex. Crim. App. 2001); accord Bigon v. State, Nos.
PD-1769-06 & 1770-06, 2008 Tex. Crim. App. LEXIS 1, at *13-14 (Tex. Crim. App. Jan. 16, 2008); Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996);
 Montgomery at 391.

        In the punishment phase of
trial, evidence is admissible “as to any matter the court deems relevant to
sentencing.”  Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a)(1) (Vernon Supp. 2007).  The scope of punishment
evidence includes “any . . . evidence of an extraneous crime or bad
act that is shown beyond a reasonable doubt by evidence to have been committed
by the defendant or for which he could be held criminally
responsible . . . .”  Id.  Such evidence is
admissible, “but only if the state can offer proof that would allow a
reasonable fact-finder to conclude, beyond a reasonable doubt, that the
appellant could be held criminally responsible for the act.”  Delgado v.
State, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007) (citing Fields v.
State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999)).  

        King argues that “the evidence
showed beyond a reasonable doubt that [he] was not present at the time of the
search” of the premises where the methamphetamine and marihuana were found “and
seizure” of that contraband.  (Br. at 20; see id. at 21, 23.)  We
understand King to argue the lack of an affirmative link between himself and
the contraband.  “[T]he so-called ‘affirmative links’ rule . . .
protects the innocent bystander—a relative, friend, or even a stranger to the
actual possessor—from conviction merely because of his fortuitous proximity to
someone else’s drugs.”  Evans v. State, 202 S.W.3d 158, 161-62 (Tex.
Crim. App. 2006) (internal footnote omitted); see Duff v. State, 546
S.W.2d 283, 287 (Tex. Crim. App. 1977); Hineline v. State, 502 S.W.2d
703, 705 (Tex. Crim. App. 1973).  

       When a defendant is not in exclusive
possession or control of the place where the drugs are found, the State must
affirmatively link the defendant with the drugs.  [Hudson v. State, 128
S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).]  Factors which have been
considered affirmative links include: 1) presence when the search was
executed; 2) contraband in plain view; 3) proximity to and
accessibility of the contraband; 4) the accused being under the influence
of contraband when arrested; 5) the accused’s possession of other
contraband when arrested; 6) the accused’s incriminating statements when
arrested; 7) attempted flight; 8) furtive gestures; 9) odor of
the contraband; 10) presence of other contraband; 11) the accused’s
right to possession of the place where contraband was found; and 12) drugs
found in an enclosed place.  Id.

Medina v. State, 242 S.W.3d 573, 576 (Tex. App.—Waco 2007, no pet.)
(mem. op.); see Harris v. State, 994 S.W.2d 927, 933 (Tex. App.—Waco
1999, pet. ref’d); Foster v. State, 814 S.W.2d 874, 882 (Tex.
App.—Beaumont 1991, pet. ref’d).  “It is . . . not the number of
links that is dispositive, but rather the logical force of all of the evidence,
direct and circumstantial.”  Evans, 202 S.W.3d at 162.  

        Evidence that a defendant was
not at a residence when contraband was found there does not conclusively show
the absence of affirmative links to the contraband.  See Salazar v. State, 87
S.W.3d 680, 684 (Tex. App.—San Antonio 2004, no pet.).

        King testified that his
address, and his only residence, was that on East Pecan Tree Road, where he
lived with his son.  

        On January 2, 2007,
law-enforcement officers went to the Pecan Tree Road address.  King was not
there at the time; his son and others were.  The officers saw marihuana in
plain view and smelled the odor of burnt marihuana.  In a search pursuant to a
search warrant, officers found, in plain view in King’s bedroom,
methamphetamine and marihuana, along with a photograph of King.[1]  The officers found other methamphetamine and drug paraphernalia
such as syringes in King’s bedroom.  Also in the trailer were documents from an
employment agency addressed to King at the address on East Pecan Tree Road, and
documents from the Board of Pardons and Paroles concerning the revocation of
King’s parole.  King’s son stated that King had been home earlier in the day.

        King’s son called King on the
telephone during the search, and King stated that he was in Oklahoma, though he
was nearby at a friend’s house.  For the reasons stated above in our
determination of King’s first issue, King otherwise sought to avoid
law-enforcement officers.

        King’s sex-offender counselor
testified that King’s “drugs of choice” included methamphetamine and marihuana. 
(6 R.R. at 104.)  King’s parole officer testified that King’s parole had been
revoked in the past, and King had received sanctions short of revocation,
because of King’s use of controlled substances.  The reason for King’s parole-revocation
warrant in January, 2007, was his positive urinalysis for marihuana.

        King had the right to
possession of the premises on East Pecan Tree Road, where the contraband was
accessible to him.  King was known to possess the controlled substances found
there.  King sought to evade law-enforcement officers there.  The trial court did not abuse its discretion in
finding that reasonable jurors could have believed that King possessed the
methamphetamine and marihuana.

        We overrule King’s second
issue.

        Conclusion.  Having overruled
King’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed May 28, 2008

Do not publish

[CRPM]









          [1] The
State points to evidence of marihuana found in plain view in the common area of
King’s residence and methamphetamine found in plain view in King’s bedroom, to
which evidence King did not object.  “An error [if any] in the admission of
evidence is cured where the same evidence comes in elsewhere without
objection.”  Lane v. State, 151 S.W.3d 188, 192 (Tex. Crim. App. 2004)
(quoting Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003))
(alteration in Lane); see Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998); Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991); Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App.
1984).  We assume without deciding that the evidence admitted without objection
did not cure any error in the admission of evidence to which King did object.