IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00120-CR

 

Jessie Medina,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 05-032-CR

 



MEMORANDUM  Opinion



 

A jury convicted Jessie Medina of possession of
methamphetamine with the intent to deliver and sentenced him to thirty-five
years' imprisonment.  Medina raises one issue in this appeal: that the evidence
is legally insufficient to support his conviction.  We will affirm.

Background 

 

Medina, and
his girlfriend, Michelle Paxton, were driving through Wortham, Texas, when they were pulled over for the offense of failing to maintain a single marked
lane.  The vehicle was leased and driven by Paxton, and Medina was asleep in
the backseat.  Officer Busby removed Paxton from the vehicle, observed that she
was nervous, and requested that she consent to a search of the vehicle.  She
consented, and as a result of the search, a wrapped bag of methamphetamine was
found under the vehicle’s hood on the driver’s-side of the engine compartment. 
Officer Busby also found a backpack containing a set of scales with an
unidentified white substance and liquid GHB, an illegal narcotic, in the backseat
of the car where Medina had been sleeping.  He also found methamphetamine in
Paxton’s purse and a blowtorch, commonly used to make glass pipes for drug
consumption, in the toolbox in the back of the vehicle.

A jury found Medina guilty of possession of
methamphetamine with intent to deliver but not guilty of possession of GHB with
intent to deliver.

Legal Sufficiency Standard

In his sole issue, Medina argues that the evidence
is legally insufficient to uphold his conviction.  He argues that the State
failed to “affirmatively link” him to the methamphetamine found in the
vehicle.  He contends that the evidence presented by the State showed only two
affirmative links: 1) that he was in the vicinity of the contraband; and 2)
that the testimony of Paxton, an accomplice witness, indicated that he was
knowledgeable about the drugs and its purpose.  Medina contends that in light
of the possible affirmative links that the State failed to show, his conviction
must be reversed.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To prove drug possession, the State must show 1) a
defendant exercised care, custody, control, or management over the drugs, and
2) that he knew he possessed a controlled substance.  Rischer v. State,
85 S.W.3d 839, 843 (Tex. App.—Waco 2002, no pet.).  A defendant's knowing
possession of narcotics may not be proved merely by his presence at the scene
when the drugs were found, unless the defendant had been in exclusive
possession of that location.  See Hudson v. State, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).

Affirmative Links 

 

When a defendant is not in exclusive possession or
control of the place where the drugs are found, the State must affirmatively
link the defendant with the drugs.  Id. Factors which have been
considered affirmative links include: 1) presence when the search was executed;
2) contraband in plain view; 3) proximity to and accessibility of the
contraband; 4) the accused being under the influence of contraband when
arrested; 5) the accused's possession of other contraband when arrested; 6) the
accused's incriminating statements when arrested; 7) attempted flight; 8)
furtive gestures; 9) odor of the contraband; 10) presence of other contraband;
11) the accused's right to possession of the place where contraband was found;
and 12) drugs found in an enclosed place.  Id.  The number of factors
present is not as important as the "logical force" or the degree to
which the factors, alone or in combination, tend affirmatively to link the
accused to the contraband.  See Bellard v. State, 101 S.W.3d 594,
599 (Tex. App.—Waco, 2003, pet. ref’d).

Furthermore, the defendant must be affirmatively
linked to the contraband itself rather than the area where it was found.  Mendoza v. State, 583 S.W.2d 396, 399 (Tex. Crim. App. 1979).  When narcotics
are secreted, the State must address whether the defendant knew of the existence
of the secret place and its contents.  Vargas v. State, 883 S.W.2d 256,
263 (Tex. App.—Corpus Christi 1994, pet. ref’d).

Medina contends that the evidence
relied on by the State does not establish an affirmative link between him and
the under-hood methamphetamine, arguing that the State’s reliance upon the
items found in the vehicle fails to establish affirmative links.  Those items
were: (a) the scale in the backpack with an untested white substance; (b) the
GHB liquid (which the jury found Medina not guilty of possessing); (c) a
“blowtorch”; (d) methamphetamine in the driver’s purse.  Medina claims that,
independently, these items show very little in the way of affirmative links. 
First, the unknown substance on the scales cannot prove a connection to the
methamphetamine.  Second, the jury acquitted Medina of possessing the GHB.  Third,
the blowtorch created no direct link between Medina and drug usage or possession. 
Fourth, the methamphetamine in Paxton’s purse solidified her responsibility,
not Medina’s, for the possession.  Medina further argues that these “links”
only revolve around his presence in the vehicle and that mere presence in the
vicinity of drugs will not suffice to establish that a defendant knowingly
possessed the controlled substance.  Watson v. State, 752 S.W.2d 217
(Tex. App.—San
Antonio 1988, pet. ref’d).

The State counters that the evidence presented at trial is legally
sufficient to convict Medina by pointing to several factors that establish an
affirmative link; specifically, that: (1) Medina was present when the search
was conducted, (2) there was other contraband and paraphernalia present, and (3)
the place where the drugs were located was enclosed and Medina was inside the
vehicle.

Officer Busby found 48 grams of methamphetamine under
Paxton’s hood.  Officer Willis, a drug expert, testified that 48 grams of
methamphetamine would be a delivery amount, not an amount for personal consumption. 
The State argues that because of the large amount of methamphetamine combined
with Medina’s possession of scales commonly used for measuring methamphetamine,
this satisfied the essential element that Medina possessed the drugs with the
intent to deliver.  We agree with the State.  The record indicates that Medina was in possession of the backpack containing the scales and therefore was in
possession of paraphernalia, an affirmative link factor, connecting a defendant
to contraband.  Bellard, 101 S.W.3d at 599.  After reviewing this
evidence in the light most favorable to the verdict, we find the evidence is
legally sufficient to affirmatively link Medina to the methamphetamine.  Adelman,
828 S.W.2d at 422.

Accomplice Testimony 

 

Medina further
argues that the evidence to sustain his conviction is legally insufficient
because no independent evidence exists to corroborate the testimony given by
Paxton.  Medina cites the accomplice-witness rule, article 38.14 of the Texas
Code Criminal Procedure, which provides:

A conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.  

 

Tex. Code Crim. Proc.
Ann. art. 38.14 (Vernon 2005).

 

Paxton testified that Medina picked her up from
the apartment where she had purchased the methamphetamine and that he was aware
of her purpose at the apartment.  She also testified that Medina knew that she
placed the drugs under the hood, and was in the backseat at the time.  Under the
accomplice-witness rule, the reviewing court eliminates all of the accomplice testimony
from consideration and then examines the remaining portions of the record to
see if there is any evidence that tends to connect the accused with the
commission of the crime.  Castillo v. State, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).  The corroborating evidence need not be sufficient by itself to
establish guilt beyond a reasonable doubt, nor must it directly link the
appellant to the crime.  Id.  There must simply be some non-accomplice
evidence which tends to connect the appellant to the commission of the offense
alleged in the indictment.  Id.

Medina argues
that the corroboration evidence is insufficient.  We disagree.  Without
Paxton’s testimony the trier of fact was still left with significant
corroborating testimony.  First, Officer Busby testified that Medina had possession
of the backpack containing GHB and scales used for measuring drugs like
methamphetamine in order to sell them.  Second, Medina was in an enclosed place
and in close proximity to the methamphetamine.  Third, Medina was present when
the search was conducted.  Last, Officer Willis testified that the amount of
methamphetamine recovered was intended for delivery purposes and would
therefore require a scale, which was found in Medina’s possession.

This non-accomplice evidence tends to connect Medina with the offense of possession of methamphetamine and therefore provides sufficient
corroboration for the accomplice-witness testimony of Paxton.  See Tex. Code Crim. Proc. Ann. art. 38.14; McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).

Conclusion

 

Viewing the evidence in the light most favorable
to the verdict, we hold that a rational trier of fact could have found beyond a
reasonable doubt that Medina possessed and intended to distribute
methamphetamine.  Accordingly, we overrule 
 Medina’s sole issue and affirm the trial court's judgment.

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed 

Opinion delivered and
filed November 14, 2007

[CRPM]