

## NUMBER 13-10-00420-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**GEORGE TREY HOUSTON III,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

### On appeal from the 12th District Court
### of Walker County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Benavides[1]

By two issues, Appellant, George Trey Houston III, argues that: (1) the evidence was legally insufficient to convict him of possession of a controlled substance, specifically, cocaine; and (2) the State failed to establish beyond a reasonable doubt that

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

there were "affirmative links" connecting Houston to the cocaine contraband found during a vehicle search.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). We affirm.

## I. BACKGROUND[2]

On January 16, 2009, Huntsville police officers responded to a call that three men who appeared intoxicated were standing near a Jeep vehicle at an Exxon gas station. Sergeant Blake Golle arrived at the scene first.   He stopped the Jeep as it was about to leave the station and discovered that three people were in the vehicle:  the driver, Brandon Williams; the front seat passenger, Houston; and the rear seat passenger, Christian Jackson.   Sergeant Golle testified that he smelled marihuana as soon as Williams rolled down the driver's side window.   Sergeant Golle had Williams exit the vehicle, advised Williams that he smelled marihuana, and asked Williams if there was anything illegal in the vehicle.   Williams responded in the negative and gave Sergeant Golle permission to search the vehicle.   Williams did, however, state that he thought his girlfriend "might have left her pill bottle" in the glove compartment.

At this point, Officers Todd Lewis and Cameron Mattison arrived at the scene as back-up patrol officers.   Sergeant Golle asked the officers to escort each of the remaining passengers out of the vehicle so that he could search it.   Officer Lewis escorted Jackson from the backseat; Officer Mattison escorted Houston from the front passenger seat.   Officer Mattison observed that Houston had "red glassy eyes," "appeared high or intoxicated," "seemed out of it," and "seemed upset" about the officers'

---

[2] We note that the appellee, the State of Texas, did not file a response brief in this matter.   *See Siverand v. State,* 89 S.W.3d 216, 220 (Tex. App.—Corpus Christi 2002, no pet.) (noting that when the State fails to file a brief, the appellate court must make an independent examination of the merits of the appeal, but must limit its examination to the arguments advanced at the trial court level); *see generally* TEX. R. APP. P. 38.2.

presence. Officer Mattison stated that he did not see Jackson hand anything to Houston prior to their departure from the vehicle.

Sergeant Golle commenced his search. When he started to search the front passenger seat, Houston made an effort to return to the vehicle. Sergeant Golle soon discovered a pill bottle on the right front passenger seat near the seatbelt buckle. Based on a plain observation of the bottle, Sergeant Golle believed it contained crack cocaine and Xanax pills. Sergeant Golle stated that, based on his training and experience, it is uncommon for people to leave cocaine "laying around" because each cocaine or crack rock can be worth up to $20; the substance is "treated somewhat like a commodity," and people can "be possessive" of it.

Officer Mattison testified that Houston was wearing an oversized hooded sweatshirt and baggy pants at the time of this search, and opined that it would be easy "to slide something out of the pocket of those pants or . . . sweatshirt into the seat." Officer Mattison also testified that, at one point during the search, Houston announced to Sergeant Golle that he did not have probable cause to search the vehicle. Houston testified that Williams was the one who questioned Sergeant Golle's probable cause, not him. He also adamantly denied that the pill bottle was his. Houston stated that he got into Williams's vehicle and did not feel the pill bottle on his seat.

Sergeant Golle countered that, based on the small size of the seat and the location of the bottle near the seat belt buckle, any person sitting in that seat would have felt the pill bottle touching them. Based on the foregoing evidence, Sergeant Golle surmised that the pill bottle was Houston's and arrested him. No fingerprints were taken of the pill bottle. Dottie Collins, a forensic scientist with the Texas Department of

3

Public Safety Crime Laboratory, verified that the pill bottle contained cocaine.

The jury found Houston guilty of possession of a controlled substance, sentenced him to two years in the Texas Department of Criminal Justice—Institutional Division, and assessed a fine of $10,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Houston appealed.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Applicable Law

By his first issue, Houston argues that the evidence is insufficient to convict him of possession of a controlled substance, specifically, cocaine. Our sufficiency analysis is conducted under "a rigorous and proper application" of the *Jackson v. Virginia* standard of review. *Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010). Under this standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks*, 323 S.W.3d at 902 n.19. "[T]he fact-finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 319 (emphasis in original); *see also Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence."); TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of facts proved and the weight to be given to the testimony . . . .").

4

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.—Corpus Christi 2002, pet. ref'd). Under a hypothetically correct jury charge, the State was required to prove beyond a reasonable doubt that Houston: (1) knowingly or intentionally (2) possessed (3) a controlled substance listed in Penalty Group One[3] (4) in an amount of one to four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. To establish unlawful possession of a controlled substance, the State must prove (1) that the accused exercised care, custody, control or management over the contraband; and (2) that the accused knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). While possession need not be exclusive, and facts and circumstances may be sufficient to show an accused possessed a narcotic drug, there must be some affirmative link existing between the person accused and the narcotic drug. *Hausman v. State,* 480 S.W.2d 721, 723 (Tex. Crim. App. 1972).

**B.      Analysis**

The record shows that the pill bottle was found in the front passenger seat where

---

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (West 2010). Penalty Group One includes numerous opiates and opium derivatives, such as cocaine in its many forms:

> (D)    Cocaine, including:
>> (i)    its salts, its optical, position, and geometric isomers, and the salts of those isomers;
>> (ii)   coca leaves and a salt, compound, derivative, or preparation of coca leaves;
>> (iii)  a salt, compound, derivative, or preparation of a salt, compound, or derivative that is chemically equivalent or identical to a substance described by Subparagraph (i) or (ii), other than decocainized coca leaves or extractions of coca leaves that do not contain cocaine or ecgonine.

5

Houston was sitting. Testimony revealed that the front passenger seat was small and that the pill bottle was located near the seatbelt buckle, such that any person sitting there would have noticed or felt it. The pill bottle was clear and, based on plain observation, it was obvious that it contained some type of substance. Houston had "red glassy eyes," "appeared high or intoxicated," "seemed out of it," and was "upset" about the officers' presence. He also turned back toward the car when Sergeant Golle approached the front passenger seat where he had been sitting. This act could be interpreted to mean that Houston knew the pill bottle was contraband and that it was in his possession at the time of the stop. *See Poindexter*, 153 S.W.3d at 405; *Martin,* 753 S.W.2d at 387.

In addition, the owner and driver of the vehicle, Williams, admitted to Sergeant Golle that there were no illegal substances in the vehicle and voluntarily gave permission for a search—a jury could have surmised that Williams would not have done so if he had something to hide. The evidence also showed that Officer Mattison did not notice Jackson, the backseat passenger, hand anything to Houston as the men were exiting the vehicle. Sergeant Golle testified that because cocaine was so valuable on the street, it was unlikely that someone would have just let it "lay around." Williams was wearing loose, baggy clothing which would have made it easy to slide any contraband out of his clothes before he left the vehicle.

We acknowledge that Houston presented some evidence demonstrating that the pill bottle was not his. For example, the vehicle in which the pill bottle was found was not his. Williams stated that he thought his girlfriend might have left a pill bottle in the glove compartment of his vehicle. Houston also claimed that his companion, Jackson, was the one who questioned Sergeant Golle's probable cause to conduct the search, not

6

him.   Further, no fingerprints were taken of the bottle to confirm whether Houston had held it.   However, it is within the province of the jury to reconcile conflicts or questions in the evidence, and the jury believed that Houston possessed the pill bottle of cocaine. *See Wesbrook*, 29 S.W.3d at 111.

Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was sufficient to support Houston's conviction of possession of a controlled substance.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).   We overrule Houston's first issue.

### III. AFFIRMATIVE LINKS

### A.   Applicable Law

Because the cocaine was not found in his actual possession, Houston argues that the State's evidence did not offer any "affirmative links" linking him to the pill bottle filled with cocaine.   "The 'affirmative links rule' is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Poindexter*, 153 S.W.3d at 405.   Accordingly,

> When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.

*Id.* at 406 (citin*g Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)).

Texas case law offers a list of nonexclusive factors to consider when attempting to link an accused to the contraband involved in the case.   *See Lassaint v. State*, 79 S.W.3d 736, 740–41 (Tex. App.—Corpus Christi 2002, no pet.).   The factors include whether:

(1)     The contraband was in plain view or recovered from an enclosed place;

(2)     The accused was the owner of the premises or had the right to possess the place where the contraband was found, or was the owner or driver of the automobile in which the contraband was found;

(3)     The accused was found with a large amount of cash;

(4)     The contraband was conveniently accessible to the accused, or found on the same side of the vehicle as the accused was sitting;

(5)     The contraband was found in close proximity to the accused;

(6)     A strong residual odor of the contraband was present;

(7)     The accused possessed other contraband when arrested;

(8)     Paraphernalia to use the contraband was in view, or found on the accused;

(9)     The physical condition of the accused indicated recent consumption of the contraband in question;

(10)    Conduct by the accused indicated a consciousness of guilt;

(11)    The accused attempted to escape or flee;

(12)    The accused made furtive gestures;

(13)    The accused had a special connection to the contraband;

(14)    The occupants of the premises gave conflicting statements about relevant matters;

(15)    The accused made incriminating statements connecting himself to the contraband;

(16)    The quantity of the contraband; and,

(17)  The accused was observed in a suspicious area under suspicious circumstances.

*Id.*; *see Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).   The number of factors is not as important as their logical force in establishing the elements of the offense.   *See Jenkins v. State*, 76 S.W.3d 709, 713 (Tex. App.—Corpus Christi 2002, pet. ref'd); *see also Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd).   "In deciding whether the evidence is sufficient to link the defendant to the contraband, the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony." *Poindexter*, 153 S.W.3d at 406.

## B.    Analysis

Here, the pill bottle containing cocaine was in plain view and recovered from the seat where Houston had just been sitting.   The testimony established that the pill bottle was located in a small seat in a location where the occupant of the seat would have seen it or felt it.   The contraband was conveniently accessible to Houston and in close proximity to him.   Houston's "physical condition" indicated that he was under the influence of an intoxicating substance; Officer Mattison testified that Houston had glassy eyes and a confused demeanor.   Although Houston acknowledged during the trial that he had been smoking marihuana that day, the jury could have concluded that he may have been under the influence of another drug, like cocaine, as well.   Further, the fact that Houston attempted to return to the vehicle when Sergeant Golle began to search the right front passenger seat Houston had just occupied could be considered "conduct by the accused indicating a consciousness of guilt" or a "furtive gesture."   *See Lassaint*, 79

9

S.W.3d at 740–41

The jury was the exclusive judge of the credibility of the witnesses and the weight of their respective testimonies. *Id.* The jury determined that there were sufficient "affirmative links" connecting Houston to the contraband at issue, and we will not substitute our judgment for that of the factfinders'. We thus overrule Houston's second issue.

## IV. CONCLUSION

Having overruled both of Houston's issues, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of August, 2011.